## WILSON v. HATHAWAY.

1. **Highway**: ESTABLISHMENT OF: NOTICE TO LAND-OWNER. The notice which is required to be given to each owner of land lying in or adjacent to a proposed highway, must be served upon those who are shown by the transfer books in the auditor's office to hold the title to the land.

2. ———: ———: ———. One who claims to be the owner under a title bond or other contract for conveyance is not entitled to be served with notice.

3. **Constitutional Law**: HIGHWAY. The legislature has the power to provide for the condemnation of right of way for public highways upon notice by publication in newspapers and by the posting of notices.

*Appeal from Mills Circuit Court.*

THURSDAY, DECEMBER 16.

THE plaintiff in his petition alleges that in 1874, L. T. Genung and others petitioned the proper authority for the establishment of a new county road in Mills county; that at the time the plaintiff was a citizen of the county and the owner, under a contract of purchase, of certain real property through which the proposed road ran; that a commissioner was duly appointed, and on the 30th day of March, 1874, reported in favor of the establishment of the proposed road;

that the auditor fixed the 2d day of June, 1874, as the final day for filing claims for damages, and that on the 8th day of September, 1874, the board of supervisors established the road as recommended by the commissioner.

It is further alleged that no notice was served on the plaintiff; that the commissioner had reported in favor of the establishment of the proposed road; that no compensation has been made, or secured to be made, or offered to be made to the plaintiff for his private property taken by said road; that the defendant is the road supervisor, and is threatening to open the road as established through plaintiff's land without making compensation therefor, and will so do unless restrained by injunction, and prays the issuance of a writ of injunction for that purpose.

The defendant demurred to the petition, which, being sustained, the plaintiff appeals.

*Hale & Stone*, for appellant.

*D. H. Solomon*, for appellee.

MILLER, CH. J.—Prior to the Code of 1873, no service of notice upon the owners of lands, through which a county road was proposed to be established, was required. Notice of the presentation of the petition was required to be given by posting up at the court house door and in three public places in each township through which the road was to pass. Revision, § 824. But now, by the Code, no notice previous to the presentation of the petition is required. It is provided, however, that after the commissioner has reported in favor of the proposed road, and the auditor has fixed the day for action thereon, and within twenty days thereafter, "a notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county, in the same manner provided for the service of original notices in actions at law; and such notice shall be published for four weeks in some newspaper printed in the county, if any such there be."

1. HIGHWAY: establishment of: notice to land owner.

The county auditor is required to "keep in his office books for the transfer of real estate, which shall consist of a transfer book, index book, and book of plats." Code, § 1948. It is provided in sections 1949 and 1950 how these books shall be ruled and prepared for use. Section 1951 provides that "whenever a deed of unconditional conveyance of real estate is presented, the auditor shall enter in the index book, in alphabetical order, the name of the grantee, and opposite thereto the number of the page of the transfer book on which such transfer is made; and upon the transfer book he shall enter in the proper columns the name of the grantee, the name of the grantor, date of instrument, the character of the instrument, the description of the property, and the number or letter of the plat on which the same is marked."

The auditor must so keep the book of plats as to "show the number of lot and block, or township and range, divided into sections and sub-divisions as occasion may require, and shall designate each piece of land or town lot, and mark in pencil the name of the owner thereon in a legible manner." * * * * Code, § 1950. No deed of real estate can lawfully be filed for record until the proper entries have been made in the transfer books. Code, § 1953.

From these transfer books it can be seen who have absolute conveyances of lands through which a new road is proposed to run, where the holders of such conveyances have procured the proper entries to be made in the transfer books, but if the holder of an unconditional conveyance has failed to have these entries made, or where, as in the case before us, the person claiming to be the owner has only a title bond or contract for a conveyance upon payment or other condition, the transfer books will not show his title or ownership.

The notice required to be served on each owner of land lying in the proposed highway or abutting thereon, provided for by section 936 of the Code, can only be served upon the owner as shown by the transfer books. There is no allegation in plaintiff's petition that no notice was served upon such owner. The averment is that it was not served on the plaintiff; but the petition shows that he was not

the owner as shown by the transfer books. The title by which he claims to be the owner is not such as appears upon those books. No provision is made for personal service of notice upon a person claiming title to land under a contract of purchase. . This notice is provided for only to persons holding lands by unconditional conveyance, as shown by the transfer books.

. The publication of the prescribed notice in a newspaper, as provided in the same section of the statute, is required to be made in all cases; and the personal service of the notice is required to be made upon the unconditional owner, as appears by the transfer books in the auditor's office, if such owner resides in the county. If he does not reside in the county, jurisdiction may be acquired to establish and open the road, without personal service of the notice. So, if the person who claims to be the owner of the land does not procure the entries required to be made in the transfer books, or holds a contract or bond for a deed, no personal service of notice upon him is necessary to give jurisdiction, the publication of the notice being duly made.

. We have no doubt of the power of the legislature to provide for the condemnation of the right of way for public 3. CONSTITU- highways upon notice by publication in news-TIONAL law: highway. papers or by notices posted. ' The proceeding is in the nature of proceedings in *rem* in which the court acquires jurisdiction of the .property which is the subject of the adjudication. See *Melhop & Kingman v. Doane & Co.*, 31 Iowa, 397, and cases cited.

The plaintiff has not averred in his petition that the publication of the required notice was not given. He shows that he was not served personally, but we have seen that he was not entitled to be thus served with the notice. The demurrer was properly sustained, and the judgment must be

AFFIRMED.