## ALCOTT v. ACHESON.

1. **Highway: NOTICE.** Under section 936 of the Code, notice of a proposed highway must be personally served upon the owner of abutting land, as shown by the transfer book, when he resides in the county; but, if the owner be a non-resident, notice must be served upon the occupier of the land, if there be one.

*Appeal from Polk Circuit Court.*

WEDNESDAY, DECEMBER 4.

ACTION in chancery to restrain defendant, who is a road supervisor, from opening a road laid off through the land of plaintiff. The relief prayed for by plaintiff in his petition was granted by the final decree, from which defendant appeals.

*Barcroft, Given & Drabelle*, for appellant.

*Miller & Godfrey*, for appellee.

BECK, J.—The record shows that plaintiff, the owner of the land over which the road was established, was, at the time, a non-resident of the State. The land had been leased to Wilson for a term of years, which had not expired when the road was established, and was cultivated by him in connection with land upon which he resided.

1. HIGHWAY: notice.

The transfer book of the county, at the time the road was established, showed plaintiff to be the owner of the land, but did not show by whom it was occupied. A notice was published as required by Code, § 936, but no personal service was had, either upon plaintiff, the owner, or Wilson, the tenant in the occupancy of the land. The only question in the case involves the sufficiency of the notice to authorize the supervisors to establish the road.

Code, § 936, is as follows: "Within twenty days after the day fixed by the auditor as provided, a notice shall be served upon each owner or occupier of land lying in the proposed highway or abutting thereon, as shown by the transfer book in the auditor's office, who resides in the county, in the manner provided for service of original notice in actions at law, and such notice shall be published for four weeks in some newspaper printed in the county, if any such there be   *   *."

Counsel for defendant argue that as the transfer book did not show Wilson to be the "occupier" of the land, the statute did not require notice to be personally served upon him; that, under the express language of the statute, personal service is necessary only upon the person whose name appears in the transfer book as owner or occupier of the property.

The provision must be interpreted with reference to other statutes, so that all shall harmonize, and the rights of parties whose interests may be affected by the proceedings contemplated shall be preserved.

No statute requires the names of the occupiers of land to appear in the transfer book; the names of owners are alone required to appear therein. Code, §§ 1950–1951.

The occupier of land, a tenant, has an interest therein that is affected by the location of a road upon the premises. It is not to be presumed that the law, which protects the rights of all men, would direct the discovery of the occupiers of lands by resort to records wherein their names never appear. To so interpret the statute would be the disregard of rights through fictions; this the law will never do. We conclude

that the statute requires notice to be personally served upon the owner, as shown by the transfer book, when he resides in the county; if he be a non-resident, upon the occupier of the land, if there be one.

The principles of justice will not permit the citizen to be deprived of his property by proceedings of which he has no notice. The law is careful, in all cases, that notice be given to persons whose rights are affected of proceedings authorized by statute. Courts will be careful to so construe statutes that they accord with these principles.

We conclude that, as the occupier of the land was not personally served with notice, the proceedings to establish the road are void. This conclusion is the foundation of the judgment of the court below. It is, therefore,

AFFIRMED.