MORGAN ET AL V. MILLER.

1. **Highway**: ESTABLISHMENT OF: REPORT OF COMMISSIONER AGAINST: INJUNCTION. Where, under section 832 of the Revision, the commissioner appointed to examine and report upon the establishment of a highway reported against it *held*, that the board of supervisors had no further jurisdiction of the matter, and that their action in attempting to establish the road was void: *also*, that where, as in this case, there was a threatened invasion of the rights of plaintiffs by the road supervisor in opening the pretended road, plaintiffs might anticipate the injury and prevent it by injunction.

*Appeal from Marshall Circuit Court.*

TUESDAY, OCTOBER 17.

ACTION for an injunction to restrain the defendant, as road supervisor, from opening an alleged county road. An in-

junction was granted in favor of one of the plaintiffs, B. F. C. Everist, and on final hearing was made perpetual. The defendant appeals.

*J. M. Parker*, for appellant.

*Henderson & Carney*, for appellee.

ADAMS, J—The county road in question was declared established in January, 1868. The appellee insists, however, that it was not in fact established, because the commissioner appointed to examine and report upon the same reported against it. He insists that under the statute the board had no further jurisdiction of the matter, and that their action in attempting to establish the road was void.

It appears to us that the plaintiff's position in this respect is correct. The statute then in force provided that, where the commissioner appointed to examine and report upon a road reports against the road, no further proceedings shall be had thereon. Rev., § 832. A report against the road was made a final determination. The application was no longer pending.

The appellant insists, however, that the appellee is not entitled to an injunction, because it does not appear that there has been any threatened invasion of his rights, and, even if there had been, an action for an injunction would not lie.

As to the threatened invasion, we have to say that we think it is clearly enough shown by the evidence, taken in connection with the answer. The appellant in his answer avers in substance that he was ordered by the board of supervisors to work the road, and that he has a right to do so, because the same is a legally established road. The evidence shows that two of the appellee's co-plaintiffs were notified by the appellant to remove their fences; which notice could have been given only with the view of opening the road. We think that the appellee had reasonable ground to believe that the appellant, unless enjoined, would open the road.

Upon the question as to whether an action for an injunction will lie, even if the threats are shown, it is contended by the appellant that the case does not differ from an ordinary threatened trespass, and especially if there is in fact no road. But it appears to us that it does.

The defendant is a public officer, and is ordered by the board of supervisors to open the road as an official act. Certain action has been had by the board and spread upon the record, by reason of which the board and the defendant claim the right to open the road. Under the circumstances, we think the appellee is not bound to wait until his fences have been thrown down and his fields thrown open and a right of action has accrued to him at law. It is his right to have determined in advance whether the pretenses of the appellant and the board of supervisors have any valid foundation, in order that he may govern himself accordingly. We think that the decree of the Circuit Court is correct.

AFFIRMED.