THE STATE v. WEIMER.

1. **Highway**: ESTABLISHED WITHOUT NOTICE: JURISDICTION OF SUPERVISORS: OBSTRUCTION BY LAND-OWNER. No presumption can be entertained in favor of the jurisdiction of the county supervisors to establish a highway; and where defendant was indicted for obstructing an alleged highway over his own land, but the record failed to show that any notice had been served upon him of the proceedings for the establishment of the highway, or that he had in any way waived such notice, and there was no evidence *aliunde* (if, indeed, it were competent) of such notice or waiver, *held* that the proceedings were without jurisdiction and void, and that a conviction under the indictment could not be sustained. *State v. Berry*, 12 Iowa, 58, and *Alcott v. Acheson*, 49 Id., 569, followed.

*Appeal from Lee District Court.*

TUESDAY, JULY 22.

DEFENDANT was convicted of obstructing a highway, and now appeals to this court.

*H. Lohmar* and *Miller & Son*, for appellant.

Smith *McPherson*, *Attorney-general*, for the State.

BECK, J.—I. The only evidence introduced by the state to prove that the road, for the obstructing of which defendant was indicted, is a lawfully established highway, consists of the commissioners' road record, a book in the custody of the auditor of the county, and an official copy of the original plat of the road. There was evidence tending to show that the road indicated by these records had been opened, and afterwards obstructed by defendant.

The road record fails to show that the notice required by the statute, Code, § 936, had been given, and there is no recitation or averment therein tending to show that any notice was given to defendant upon whose land, it appears to be claimed, the road was located. Nor does the record show that defendant appeared in the proceeding, and thus waived service of notice. It is recited that the road was "by consent of attorneys of parties herein, and request of board, declared to be forty feet in width." But it is not shown by the record, nor by evidence *aliunde*, if, indeed, it were competent, which we do not determine, that defendant appeared to the proceedings, or had notice thereof at any time, or that he was a party to the case before the supervisors. The defendant proposed to prove that, by an agreement between the board of supervisors and himself, the road was to be established as of the width of thirty-three feet. But, upon the objection of the state, this evidence was rejected. There was no evidence of any character tending to show that defendant was served with the notice required by law, or waived service thereof.

II. This court has held in a similar case that, as the petition and notice required by law in proceedings to establish roads are necessary to confer jurisdiction upon the supervisors in road cases, they must be shown by the record, and that, in the absence of such showing, no presumption will obtain in support of the jurisdiction of the supervisors. *The State v. Berry*, 12 Iowa, 58. There being no evidence that the supervisors acquired jurisdiction to establish the road in this case, and no presumption thereof authorized by law, the proceedings are void. *Alcott v. Acheson*, 49 Iowa, 569.

We understand that the court below, in the second instruction, held that the records of the supervisors conclusively prove that the highway was lawfully established. The instruction, in the form we find it in the abstract, is not clearly expressed; but it certainly recognizes the sufficiency of the record to show that the road was a lawful highway. The instruction is erroneous. On the contrary, the jury should have been informed that the evidence failed to show that the road obstructed by defendant was established by law. As these considerations are decisive of the case, other questions argued by counsel need not be considered. The judgment of the district court is

REVERSED.