# McBurney v. Graves.

1. **Appeal to Supreme Court:** JURISDICTION: AMOUNT INVOLVED: INTEREST IN REAL ESTATE. Plaintiff claimed of defendant, a road supervisor, $100 damages for wrongfully removing a gate and fence, and asked an injunction to prevent a repetition of the trespass. Defendant answered that he had rightfully removed the gate and fence, because they obstructed a public highway. *Held* that, although not more than $100 damages was asked, yet an interest in real estate was involved, and that this court had jurisdiction to entertain an appeal without a certificate. Code, § 3173.

2. **Highway:** ESTABLISHMENT OF: JURISDICTION OF SUPERVISORS: PRESUMPTION OF NOTICE TO LAND-OWNER: EVIDENCE. Where the files and records relating to the establishment of a highway showed that plaintiff, a land-owner, was not at the time a resident of the county, and there was no record evidence of any publication of the notice, and no recital of any service of notice upon him, *held* that no presumption could be entertained that the supervisors had any jurisdiction to establish the highway over his land, and that such record was not competent to prove the establishment of the highway, and was properly excluded when offered for that purpose; following *State v. Weimer*, 64 Iowa, 243, and other cases cited. Code, § 3669, distinguished.

*Appeal from Fremont Circuit Court.*

THURSDAY, JUNE 4.

PLAINTIFF brought this action to recover damages for an alleged trespass, committed by defendant in tearing down and removing a certain gate and fence which inclosed a tract of land belonging to plaintiff, and which was used by him as a pasture. Plaintiff also alleged in his petition that defendant had threatened to repeat said trespass in case said fence and gate should be restored, and he prayed for an injunction restraining defendant from interfering with said gate and fence. Defendant, in his answer, admitted that plaintiff was the owner of the premises described in the petition, and that he had removed the gate and fence as charged in the petition, but he alleged that they were situated in a certain highway, and constituted an obstruction thereof, and that he removed

the same therefrom while discharging the duties of road supervisor of the road district in which said highway was situated. Plaintiff recovered a judgment for damages, and an order was entered perpetually enjoining defendant from interferring with the premises. Defendant appeals.

*W. P. Ferguson*, for appellant.

*Stockton & Keenan*, for appellee.

REED, J.—I. The prayer of the petition was for judgment for $100, and for an injunction restraining defendant from interfering, in the future, with the gate and fence in question. Plaintiff filed a motion to to dismiss the appeal, on the ground that the amount in controversy between the parties, as shown by the pleadings, does not exceed $100, and that the trial judge has not certified that the cause involves the determination of a question of law on which it is desirable to have the opinion of this court. This motion, we think, should be overruled. In addition to plaintiff's claim for damages, the cause involves an interest in real property. Plaintiff sought to recover on the ground that defendant's act in removing the fence and gate was an unlawful interference with his property; while defendant sought to justify his act on the ground that it was done in the lawful performance of his duties as a road supervisor. He alleged that the fence and gate were erected across an established highway. This allegation was denied, and the issue presented was whether the public had acquired the right to use and occupy the ground in question as a highway. Section 3173 provides that "no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed $100, unless the trial judge shall certify that such cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court;" but in the last clause of the section it is provided

1. APPEAL to supreme court : jurisdiction: amount involved: interest in real estate.

" that this limitation shall not affect the right of appeal in any cause in which is involved any interest in real property." The right of the public to occupy and use any tract or parcel of real estate as a highway clearly constitutes an interest therein; and, as the cause involves the question whether such right existed in the land in question, the statute quoted above does not limit the right of appeal therein.

II.  On the trial defendant offered in evidence the records and files of the proceedings in which it is claimed the high-

**2. HIGHWAY: establishment of: jurisdiction of supervisors: presumption of notice to land-owner: evidence.** way in question was established.   It is shown by the papers and records that a petition was filed in the county auditor's office asking for the establishment of the highway, and that a commissioner was appointed who recommended its establishment; also that a notice was issued by the auditor in the form prescribed by the statute, (Code, § 936,) and that the same was served by the sheriff of the county on certain persons who are named in the sheriff's return.   It is also recited in the return that certain persons named in the notice were not found in the county, and among this number is plaintiff. Among the papers constituting the files was a printed copy of this notice, but there was no evidence of its publication, nor was there any recital in the order establishing the highway, or in any other part of the record, that it had been published.   Plaintiff objected to the introduction of the files and records of the proceedings in evidence, on the ground that it was not shown that he had been served with the notice of the proceedings; and this objection was sustained.   Defendant assigns this ruling as error.   The position of counsel is that, as it was the duty of the board of supervisors, before making the order establishing the highway, to ascertain whether the notice had been served on the owners or occupiers of land lying in or abutting on the proposed highway, the fact that they made the order raises a presumption that they ascertained before making it that the service had been made; or, in other words, that the fact of their having made the order

raises a presumption that they determined before making it that all the preliminary steps had been taken which were essential to give them jurisdiction to make it. And it is contended that section 3669 of the Code has the effect to raise such presumption in favor of the regularity of their proceeding. The section is as follows: "The future proceedings of all officers, and of all courts of limited and inferior jurisdiction within the state, shall, like those of general and superior jurisdiction, be presumed regular, except matters required to be entered of record, and except when otherwise declared."

That the section applies to the proceedings of the board of supervisors in the establishment of highways is not doubted. We are of opinion, however, that it does not have the effect claimed for it by counsel. Where it is shown that the inferior tribunal had jurisdiction of the parties, the statute undoubtedly raises a presumption in favor of the regularity of all of its proceedings, and where the tribunal determines that the preliminary steps essential to give it jurisdiction have been taken, and makes that determination a matter of record, the statute also raises a presumption in favor of the correctness of the determination. But it has never been held that the section raises a presumption in favor of the jurisdiction of the tribunal, in the absence of any determination by it that it had jurisdiction. And it has been frequently held that, in the absence of any recital in the record of the proceedings for the establishment of highways of the service on the land-owner of the notice provided by the statute, no presumption obtains in support of the jurisdiction of the supervisors. *State v. Weimer*, 64 Iowa, 243; *State v. Berry*, 12 Id., 58; *Alcott v. Acheson*, 49 Id., 569. Under the rule of these cases, the records offered in evidence by defendants were properly excluded.

The judgment of the circuit court is

AFFIRMED.