THE STATE, EX REL. PATRICK, v. THE CHICAGO, BURLINGTON & QUINCY R'Y Co.

1. **Highway;** ESTABLISHMENT OF: NOTICE TO RAILROAD COMPANY WHOSE TRACK IS CROSSED. The highway in question was established over and across defendant's right of way without any notice to it, other than by publication. Defendant is a foreign corporation, but had agents in the county where the highway was established. *Held* that the notice was sufficient, under § 936 of the Code, because,—

    (1) The transfer books in the auditor's office did not show that defendant was the owner of the land. *Wilson v. Hathaway*, 42 Iowa, 173, followed.

    (2) The defendant, though an "occupier" of the land, was a non-resident of the county. *Alcott v. Acheson*, 49 Iowa, 569, distinguished.

*Appeal from Mills Circuit Court.*

FRIDAY, DECEMBER 18.

ACTION of *mandamus* to compel the defendant to construct and maintain a crossing at a place where its road is crossed by a highway. The relief asked by the plaintiff was granted, and the defendant appeals.

*Stone & Gilliland*, for appellant.

*Watkins, Williams & Wright*, for the State.

SEEVERS, J.—The highway in question in this case was established after the defendant had constructed its road, and the only question to be determined is whether the highway

has been lawfully established; and this depends on the question whether the defendant was entitled to notice other than by publication of the proposed establishment of the highway. The defendant is a foreign corporation, but it has at all times had station or ticket agents within the county. The notice contemplated in section 936 of the Code was not served on any of the defendant's officers or agents, but was published as therein provided. Before a highway can be lawfully established that section provides: "A notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer-books in the auditor's office, who resides in the county, in the manner provided for the services of original notices in actions at law, and such notice shall be published," etc.

The defendant owned its right of way, but it does not appear that its ownership is shown by or can be ascertained from the transfer-books in the auditor's office. Therefore the defendant, as owner, was not entitled to any other notice than was given. This was held in *Wilson v. Hathaway*, 42 Iowa, 173, as to a resident owner of an equitable title which was not shown by the transfer-books.

It is, however, said that the defendant is in possession of its right of way, and is therefore an "occupier," as contemplated by the statute, and as such entitled to notice. In *Alcott v. Acheson*, 49 Iowa, 569, it was held that a tenant, holding under a lease, who cultivated the land, and who did not reside thereon, but did reside in the county, was entitled to notice, because he was an "occupier." If, however, the tenant in that case had been a non-resident of the state, service of notice on him other than by publication would not have been required. It is only persons who are residents of the county who are entitled to notice. Is the defendant a resident of this state? We think not. It is a foreign corporation, and must be, in the absence of an obligatory statute providing otherwise, a resident of the state under the laws of which it

was organized. The occupier under the statute who is entitled to notice is one who personally resides in the county. The statute does not contemplate an occupier who is represented only by an agent, and who, through such agent, is in the occupation of the land, and himself an actual resident of some other state. The fact that suits may be brought against the defendant in this state by the service of notice on its station-agents does not make it a resident. It is not, because of such statutory provision, a resident of Mills county, and therefore entitled to notice under the provisions of section 936 of the Code.

AFFIRMED.