THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY v. ELLITHORPE.

**Highways:** ESTABLISHMENT OVER RAILWAYS: WHEN NOTICE REQUIRED: CORPORATE RESIDENCE. A railway company organized and existing under the laws of this state is a resident of every county in and through which it operates its road (see cases cited in opinion), and, as such, is entitled, under section 936 of the Code, to notice of the establishment of a highway across its right of way, when the land is not shown by the transfer books in the auditor's office to belong to some other owner; and where such notice is not given the proceedings are void as to the railroad company. (*State v. Railway Co.*, 68 Iowa, 135, where the same question arose as to a foreign corporation, *distinguished*.)

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FILED, OCTOBER 11, 1889.

ACTION to enjoin the defendant from opening, breaking or interfering with certain fences. The plaintiff is a corporation, organized and existing under the laws of this state. In 1883, this company owned and operated a railway through section 19, township 77, range 41, Pottawattamie county. In that year proceedings were had for laying out and establishing a highway across appellant's track and right of way in said section. Notice was published, as required, of this proceeding, but no notice thereof was served on the appellant. Appellant's right of way being fenced, and the company having no notice of said proceeding, it refused to open the highway. The defendant, being

road supervisor, proceeded to remove the plaintiff's fence, whereupon this action was brought to enjoin him from so doing. Trial was had in the district court, and decree for defendant. Plaintiff appeals.

*T. S. Wright* and *Wright, Baldwin & Haldane*, for appellant.

*Mynster & Lyndt*, for appellee.

GIVEN, C. J.—I. We first inquire as to who are entitled to notice of proceedings for the establishment of highways. Code, section 936, provides: " Within twenty days after the day fixed by the auditor, as above provided, a notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county, in the manner provided for the service of original notice in actions of law." In *Alcott v. Acheson*, 49 Iowa, 569, it is held that said section 936 "requires notice to be personally served upon the owner, as shown by the transfer books, when he resides in the county; if he be a non-resident, upon the occupier of the land, if there be one." Appellant was not shown by the transfer books to be the owner of the land within its right of way covered by the highway, but does appear to have been in open and notorious occupation thereof. It is not shown that this land stood in the name of any one as owner, nor that any person was served with notice as owner; therefore, appellant, being occupier of the land, was entitled to notice if a resident of the county.

II. We next inquire whether appellant was a resident of the county. We have seen that it was owning, occupying and operating its railway through that county. In *Baldwin v. Railway Co.*, 5 Iowa, 519, it is said, quoting with approval from *Bristol v. Railway Co.*, 15 Ill. 437 : "The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place

where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecution of the corporate enterprise. This corporation has a legal residence in any county in which it operates the road, or exercises corporate powers and privileges. In legal contemplation it resides in the counties through which its road passes, and in which it transacts its business." See, also, *Richardson v. Railway Co.*, 8 Iowa, 263. In *State v. Railway Co.*, 68 Iowa, 135, the same question was presented as to that defendant. After finding that the defendant was a foreign corporation, and not a resident of the state, the court says : "The occupier, under the statute, who is entitled to notice is one who personally resides in the county. The statute does not contemplate an occupier who is represented only by an agent, and who, through such agent, is in the occupation of the land, and himself an actual resident of some other state. The fact that suits may be brought against the defendant in this state by the service of notice on its station agents does not make it a resident. It is not, because of such statutory provisions, a resident of Mills county, and therefore entitled to notice, under the provisions of section 936 of the Code."

The distinction between these cases is very apparent. In the two former the question was as to residence in the county of railway corporations organized and existing under the laws of this state, and consequently residents of the state; while in the latter it was as to the residence in the county of this state of a foreign corporation not having a residence in the state. The location of a highway may, and often does, cause great inconvenience and injury to those upon whose land it is laid. A highway across the track of a railway may not only cause the company serious inconvenience and expense, but, if improperly located, may interfere with the safe and successful operation of the railroad. The evident purpose of giving the notices required is that all persons interested as owners or occupiers may have an opportunity to present their objections to the location of the

road, and their claims for damage in the event of its location.

It may be said, and truthfully, that the interests of a foreign corporation may be as seriously affected by the laying of a highway across its tract as a domestic corporation, and that there is the same reason why notice should be required to one as to the other. The service of notice is only accorded to resident owners and occupiers. If foreign corporations would avail themselves of this provision, they have only to become residents, or secure legislation that will entitle them to notice.

III. A failure to give notice, as required by said section 936, renders the action in establishing the highway void, and notice will not be presumed from the fact of establishment alone. *State v. Anderson*, 39 Iowa, 274; *State v. Weimer*, 64 Iowa, 243; *McBurney v. Graves*, 66 Iowa, 314.

Our conclusions are that the appellant, being a corporation organized and existing under the laws of this state, and engaged in operating its railway through the county of Pottawattamie, was a resident of that county within the meaning of section 936; that the transfer books failing to show the name of any person as owner of the land underlying the proposed highway, and the appellant, being the occupier thereof, it was entitled to be served with notice of the proceedings to establish said highway; that, no such notice having been served, said proceedings are void.

The decree of the district court is reversed, and a decree will be entered in this court granting the prayer of appellant's petition, and judgment for costs against the defendant.                          REVERSED.