THE STATE v. THE CHICAGO, MILWAUKEE AND ST.
PAUL RAILWAY COMPANY.

1. **Highways:** CROSSING RAILROAD : FOREIGN COMPANY : NOTICE OF ESTABLISHMENT. Where a foreign corporation operating a railroad in this state has failed to file with the secretary of state a copy of its articles of incorporation or charter, as required by chapter 128, Laws of 1880, and the transfer books of a county through which the road runs fails to show the company's ownership of the road, a highway may legally be established across its right of way in that county without personal service of the notice required by section 936 of the Code. Service by publication is sufficient in such case. ( See opinion for citations.)

2. ———— : ESTABLISHMENT : NOTICE BY PUBLICATION : CONSTITUTIONAL-ITY. The statute authorizing the establishment of a highway upon notice by publication is not in conflict with the constitution. ( See *Wilson v. Hathaway*, 42 Iowa, 173.)

3. ———— : ———— : NOTICE : NO SEAL NECESSARY. A notice of the establishment of a highway, which complies with the provisions of section 936 of the Code, is sufficient, when authenticated by the signature of the county auditor, without the affixing of his seal.

*Appeal from Cerro Gordo District Court.*—HON. J. C.
SHERWIN, Judge.

FILED, OCTOBER 10, 1890.

MANDAMUS to compel defendants to construct a crossing and cattle-guards on its railroad track where a highway crosses it. A demurrer to the petition was overruled. Defendant electing to stand upon its demurrer, judgment was entered for plaintiff. Defendant appeals.

*George E. Clarke,* for appellant.

*J. J. Clark,* for appellee.

BECK, J.—I.  The petition shows that defendant is a foreign corporation, existing under the laws of the

1. HIGHWAYS: crossing railroad: foreign company: notice of establishment. state of Wisconsin, and owns and operates a railroad in this state, and within the county wherein this action was begun ; that a highway was established crossing defendant's railroad track in Cerro Gordo county, through which defendant's railroad is constructed and operated ; that defendant has failed to construct a crossing and cattle-guards at the place where the highway crosses the railroad, though required by the statute so to do ; and the notice of the filing of the report of the commissioners in favor of the establishing of the road was served upon defendant by publication, and in no other way. It also appears that defendant's ownership of its railroad track has been shown at no time by the transfer book of the proper county. It is not shown that a copy of defendant's articles of incorporation or charter, as required by chapter 128, Acts Eighteenth General Assembly, has been filed in the office of the secretary of state.

II.   As the transfer book failed to show the defendant's ownership of the railroad, personal notice—that is, notice served personally upon the proper officer or agent of defendant—of the commissioners' report favorable to establishing the road was not required, and the road is lawful in the absence of such notice.   *State v. Railway Co.*, 68 Iowa, 135 ; *Chicago, R. I. & P. Ry. Co. v. Ellithorpe*, 78 Iowa, 415.

III.   Counsel for defendant insist that, under chapter 128, Acts Eighteenth General Assembly, notice should have been served upon defendant's officer or agent personally.   This statute provides that any railroad company organized under the laws of another state, owning and operating a line of road within the state, "shall have and possess all the powers, franchises, rights and privileges, and be subject to the same liabilities, of railroad companies organized and incorporated under the law of this state, including the right to sue and the liability to be sued, the same as railroads organized under the laws of this state."   If it be true,

as claimed by counsel, that this section secures to defendant the right to personal service, and exempts it from liability in the proceedings to establish roads, the same as railroad companies existing under the laws of the state,—which we do not decide,—yet, as a domestic railroad company, under Code, section 936, which is not shown to be the owner of the land by the transfer books, need not be personally served, so a foreign railroad company, in accord with counsel's position, need not be served in that way.

IV. But foreign railroad companies, under the act of the Eighteenth General Assembly, above cited, are not entitled to the rights and privileges therein granted, unless a copy of their articles of incorporation or charter is filed with the secretary of state. It is not shown by the abstract that this was done by defendant. It is not, therefore, shown to be entitled to any of the rights secured by the act.

V. The statute authorizing the establishing of a road upon notice by publication is not in conflict with the constitution, as argued by defendant's counsel. *Wilson v. Hathaway*, 42 Iowa, 173.

2. ——: establishment: notice by publication: constitutionality.

VI. The notice of the commissioners' report in favor of the establishing of the road, as personally served by publication, did not have a seal. Counsel for defendant insist that it is therefore void. But the section of the Code (936) requiring the notice prescribes its contents and manner of authentication by setting out a form to be followed. It contains no allusion to a seal, and nothing showing that one is required. It shows that it is to be authenticated by the signature of the county auditor. This amounts to a most explicit provision as to the form of its authentication. The notice in question is in accord therewith, and is, therefore, valid. This discussion disposes of all questions discussed by counsel. The judgment of the district court is            AFFIRMED.

3. ——: ——: notice: no seal necessary.