STATE OF IOWA *ex rel.* J. J. CLARK, County Attorney of
Cerro Gordo County, v. THE IOWA CENTRAL RAIL-
WAY COMPANY, Appellant.

Establishment of Highway: NOTICE. A highway is not legally
established where a published notice of its laying out does not contain
the names of certain nonresident persons who own the abutting land,
according to the auditor's transfer book, and where no notice is
served on a railroad company which runs across said abutting land.
Code, 936.

*Appeal from Cerro Gordo District Court.*—HON. J. C.
SHERWIN, Judge.

MONDAY, MAY 21, 1894.

PLAINTIFF alleges that in September, 1875, a high-
way known as "No. 145" was located across defendant's
railway at a point named, that said highway had been
opened to public travel, and that defendant refuses to
construct a crossing where said highway crosses its
track and right of way; wherefore plaintiff prays for a
peremptory writ of *mandamus* commanding defendant
to construct a crossing, as required by law. Defendant
denies that a highway was ever established across its
right of way at the point alleged, and alleges that, if it
were established as alleged, it was never opened or
traveled, and had been abandoned. The case was sub-
mitted upon an agreed statement of facts, and judg-
ment entered for the plaintiff. Defendant appeals.
The case is submitted on this appeal without any argu-
ment for appellee.—*Reversed.*

*Anthony C. Daly* for appellant.

*J. J. Clark* for appellee.

GIVEN, J.—We first inquire whether a highway was established as alleged. There is no question but that in September, 1875, the board of supervisors of Cerro Gordo county did confirm the location of a road known as "No. 145," sixty-six feet in width, on a line crossing defendant's right of way and track at a point named, and that said highway was opened and traveled to within one half mile on each side of said crossing, but has never been opened or traveled to or over the crossing. Defendant's contention is that the location of said road across its right of way is illegal, because no notice thereof was given to either the owner or occupier of the land within defendant's right of way included in said highway, as required by section 936 of the Code. Said section requires that a "notice shall be served on each owner or occupier of land lying in the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county." Said section also provides that such notice shall be published for four weeks in some newspaper, and that the notice shall give the names of the owners of the land through which the proposed road passes, as they appear upon the transfer books of the auditor's office. The title to the land under notice, as appears from the transfer books in the auditor's office, was, in 1875, in T. E. Kirtland and H. T. Rockwell, both then and ever since nonresidents of the state. The defendant's grantor, the Central Railroad Company of Iowa, incorporated under the laws of Iowa in 1869, acquired this right of way and constructed its railway thereon in 1870, and said railway had been continuously operated by defendant's grantor and the defendant, also an Iowa corporation, ever since, the defendant being in full possession thereof since June 17, 1879. It will be observed that the title to the land appeared upon the transfer books to be in Kirtland and Rockwell, and that defendant's grantor, the Central

Railroad Company of Iowa, was the occupier in 1875. The Central Railroad Company of Iowa, being an Iowa corporation, and operating this railway through Cerro Gordo county, was a resident of that county. *Baldwin v. Railway Co.*, 5 Iowa, 518; *Richardson v. Railway Co.*, 8 Iowa, 260; *Railway Co. v. Ellithorpe*, 78 Iowa, 415, 43 N. W. Rep. 277. Being such resident, and the occupier of the right of way, and the holders of the title being nonresidents, notice should have been served upon that company. In *Alcott v. Acheson*, 49 Iowa, 569, it is said, "such notice should be served personally upon the owner, as shown by the transfer books, when he resides in the county; if he be a nonresident, then upon the actual occupant of the land, although the name of such occupant does not appear from such books." The notice published in this instance did not give the names of Kirtland and Rockwell as owners of the land, though they so appeared upon the transfer books, nor was any notice served upon the actual occupier of the land, the Central Railroad Company of Iowa. We are of opinion that the highway was not legally established across the defendant's right of way; therefore, the defendant is not under obligation to construct a crossing, as asked by plaintiff. This view of the case renders it unnecessary that we inquire whether there was an abandonment of the highway or not. The judgment of the district court is REVERSED.