HENRY F. MOFFITT *et al.*, Appellants, v. SILAS BRAINARD.

1   Vacation of Highway: Notice: JURISDICTION.   The published
3   notice directed by Code, 936, must set out the names of adjacent land owners.

2   SAME. Where no notice is served on resident owners of abutting land; such ownership appearing by the auditor's transfer book, supervisors lack jurisdiction to vacate a highway.

4  Certiorari: **Not Exclusive.** When no such notice is served and
   owners do not know of vacation until the highway is obstructed and
5  time to use *certiorari* is past, injunction will lie, though it be assumed
   that proceedings of the supervisors were published.

*Appeal from Keokuk District Court.*—HON. A. R.
DEWEY, Judge.

SATURDAY, OCTOBER 13, 1894.

ACTION in equity to enjoin the obstruction of a
highway. Judgment against plaintiffs for costs, and
they appeal.—*Reversed.*

*C. M. Brown* for appellants.

*A. G. Schulte* for appellee.

KINNE, J.—I. It appears that plaintiffs own land
abutting upon that part of the highway sought to be
vacated; that defendant petitioned for the vacation of
the highway; a commissioner was appointed, who
reported, recommending the vacation, whereupon notice
of the hearing by the board of supervisors was
given *only* by publication; that at the date fixed
in the notice the board vacated the highway as
prayed; that the highway thus vacated was convenient
and necessary for the use of plaintiffs and others; that
none of them were served with notice, though their
ownership of land abutting upon it appeared from the
transfer books in the office of the auditor of the county
at the time said petition was filed and notice published.
Their damages for such vacation have not been assessed.
The published notice was not directed to anyone by
name, and plaintiffs never saw it, and had no knowl-
edge of it until long after the highway was vacated,
and defendant had closed it up. It is charged that the
board acted without jurisdiction, and that its action
attempting to vacate the highway was void. An in-

junction is prayed for to restrain defendant from obstructing the highway. A demurrer to the petition because the court had no jurisdiction, and the facts stated did not entitle plaintiffs to the relief demanded, was sustained, and, plaintiffs standing upon their petition, judgment was rendered against them for costs.

II. This record presents two questions for determination: *First.* Was the action of the board of supervisors in vacating the highway void by reason of want of jurisdiction? And, *second,* may plaintiffs avail themselves in such a case of the remedy by an action in equity for an injunction, or are they limited to *certiorari* proceedings? We first consider the question of notice. The form of notice required to be given is prescribed by the Code, and the notice must be served "on each owner or occupier of land lying on the proposed highway, or abutting thereon, as shown by the transfer books in the auditor's office, who resides in the county, in the manner provided for the service of original notice in an action at law;" and it is also provided that the notice be published for four weeks. Code, section 936. The giving of the notice required by the statute is necessary in order to confer jurisdiction on the board of supervisors to act in the matter. No notice was ever served upon the plaintiffs, who were owners of land abutting on the highway proposed to be vacated. The fact of their ownership appeared from the transfer books in the auditor's office, and they were in fact residents of the county, and lived upon their land. Under such circumstances the board had no jurisdiction to vacate the highway, and its action was absolutely void. *Snyder v. Foster,* 77 Iowa, 641, 42 N. W. Rep. 506; *Railway Co. v. Ellithorpe,* 78 Iowa, 418, 43 N. W. Rep. 277; *State v. Weimer,* 64 Iowa, 244, 20 N. W. Rep. 171; *State v. Anderson,* 39 Iowa, 275; *McBurney v. Graves,* 66 Iowa, 314, 23 N. W. Rep. 682;

*State v. Minneapolis & St. L. Ry. Co.*, 88 Iowa, 689, 56 N. W. Rep. 401; *State v. Iowa Cent. R'y Co.*, 91 Iowa, 275, 59 N. W. Rep. 35. Even the published notice did not comply with the requirements of the statute. It did not set out the names of the owners of the land. *State v. Iowa Cent. R'y Co.*, 91 Iowa, 275, 59 N. W. Rep. 35.

III. Are the plaintiffs limited to proceedings by *certiorari?* That *certiorari* is a proper remedy in such a case is well settled. *Tiedt v. Curstensen*, 61 Iowa, 335, 16 N. W. Rep. 214; *Smith v. Powell*, 55 Iowa, 215, 7 N. W. Rep. 602; *Myers v. Simms*, 4 Iowa, 501; *Stubenrauch v. Neyenesch*, 54 Iowa, 570, 7 N. W. Rep. 1; Code, sec. 3216. We do not think, however, that *certiorari* is the exclusive remedy in such cases. Nor do we find that this court has so held in any case where the facts were as in the case at bar. The opening or vacating of highways, and their illegal obstruction, has often been prevented by injunction, and such a procedure has been recognized in many cases as proper. *Bolton v. McShane*, 67 Iowa, 207, 25 N. W. Rep. 135; *Railroad Co. v. Ellithorpe*, 78 Iowa, 415, 43 N. W. Rep. 277; *Miller v. Schenck*, 78 Iowa, 372, 43 N. W. Rep. 225; *Alcott v. Acheson*, 49 Iowa, 569; *Morgan v. Miller*, 59 Iowa, 481, 13 N. W. Rep. 643; *Prince v. McCoy*, 40 Iowa, 533. To hold in such a case that plaintiffs' remedy is limited to proceedings by *certiorari* would be equivalent to denying them any relief whatever. It is alleged, and admitted by the demurrer, that plaintiffs were owners of land abutting on the vacated road; that they lived thereon; that their ownership was shown by the transfer books; and in the face of all this information the board of supervisors, without causing any notice to be served upon plaintiffs as required by law, proceeded to vacate this highway. It also appears that plaintiffs had no knowledge of the board's action. Counsel for appellee

argues that, if the time for relief by *certiorari* has passed, the plaintiffs can not complain; that they are bound to take notice of the published proceedings of the board of supervisors. It does not appear in this record that there is any claim that the proceedings of the board were published. Even if we should presume that they were properly published, plaintiffs would not be concluded thereby, when, as in this case, they had no notice, and no knowledge of the board's action until the defendant obstructed the highway. While proceedings by *certiorari* would lie in such a case, if instituted within the proper time, the remedy thus provided is not exclusive. This case fitly illustrates the legal wrong which would be sanctioned by holding that injunction would not lie. Here one man petitions for the vacation of an old, established highway, which was much used. No notice is given, no legal notice is published, and, yet, by reason of the action of the board of supervisors in ignoring the plainest provisions of the statute, this defendant is permitted to cut off plaintiffs' rights, without their knowledge. Surely the law will not uphold such a proceeding, nor will it hold plaintiffs remediless because they failed to avail themselves of the remedy by *certiorari*, which they might have done had they been served with notice as required by law. The demurrer should have been overruled. REVERSED.