JAMES H. FAIR, Appellant, v. B. E. BUSS.

Statutes: CURATIVE ACTS. The legislature has power to legalize 2 a void act.

SAME: *Highways:* The legislature has power to authorize the es- 1 tablishment of a highway by giving general notice to owners of land concerned as "To whom it may concern", and need not 3 require the owners to be named, and accordinly it may legalize the establishment of a highway where only a general notice has been given, though, under the original act, as construed by the courts, the owners were required to be named.

*Same.* An objection that the legislature could not legalize irreg- 4 ular proceedings of a board of supervisors establishing a highway, because such action on its part would be local legislation, was bad.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, MAY 21, 1902.

THE plaintiff is the owner of land abutting a highway which was established by the board of supervisors in 1876. He fenced a portion thereof, and the fence was removed by

the defendant, who was at the time the road supervisor of that district. This action was brought to restrain the defendant from further interfering with the plaintiff's fences. There was a judgment for the defendant, from which the plaintiff appeals.—*Affirmed.*

*Will E. Johnston* for appellant.

*W. A. Helsell* for appellee.

SHERWIN, J.—The highway in question was established by the board of supervisors of Ida county, without personal notice to the resident landowners, as required by section 936 of the Code of 1873. The then owner of the plaintiff's land was a nonresident, and the land was unoccupied and unimproved. The following notice was published four weeks in a newspaper printed in the county, which is conceded to be the only notice he had: "Road Notices. To Whom it May Concern: The commissioners appointed to examine and report upon the expediency of locating the following roads: Road No. 18, commencing at the southeast corner of section 36, township 88, range 39, and runs thence westerly on township lines 15 miles to the southeast corner, section 33, township 88, range 41, has reported in favor of the same, and all objections thereto or claims for damages must be filed in my office on or before the fifth day of June, 1876, or said roads will be established without reference thereto. Matt. M. Gray, County Auditor." It will be seen that this notice follows the form prescribed by the statute almost to the letter, and it was undoubtedly supposed to be sufficient, without naming the nonresidents whose names appeared on the transfer books of the county auditor; but the question has been decided otherwise. *State v. Iowa Cent. R'y Co.*, 91 Iowa, 275; *Moffet v. Brainard*, 92 Iowa, 122. The Twentieth General Assembly passed the following legalizing act, which the appellant

contends was unconstitutional, for reasons which we shall hereinafter notice: "Whereas the board of supervisors of Ida county, Iowa, on the seventh day of January, 1876, were petitioned by W. P. Evans and G. F. Barnes to appoint a commissioner to locate county roads on all section lines in Ida county, Iowa, where practicable and where roads would probably be needed and have not yet been located; and, whereas, on the sixth day of June, 1876, the said board of supervisors at a regular meeting thereof made an order establishing highways in said county in accordance with the request of said petitioners; and, whereas, doubts have arisen as to the regularity of the said proceedings of the said board and other officers in establishing said highways: Therefore be it enacted by the General Assembly of the State of Iowa: Section 1. That the establishing and locating of all highways and proceedings and acts of the board of supervisors and other officers of Ida county, Iowa, in establishing highways by said order of the board of supervisors on the sixth day of June, 1876, be and the same are hereby legalized and declared valid and binding in all respects the same as if the law had been strictly complied with." Acts Twentieth General Assembly chapter 83. It is conceded that the legislature may legalize any act which it might lawfully have made the law in the first instance, but it is said that it could not provide for such a notice to nonresidents as was published in this case, and that it cannot legalize a void act. That it may legalize a void act has been repeatedly held by this court. *Richman v. Supervisors* 77 Iowa, 513; *Tuttle v. Polk*, 84 Iowa, 12; *City of Clinton v. Walliker*, 98 Iowa, 655. It may be conceded that some notice in cases of this kind is required under the constitution, even if not provided for by statute, but it is the general holding that the notice is sufficient if it describes the location of the road and indicates the nature of the proceedings and states the time when and place where the

interested persons must appear to protect their rights, even if the owner's name is not given in the notice. 2 Lewis, Eminent Domain (2d Ed.) section 367, and cases cited in note 27; *McIntire v. Marine*, 93 Ind. 193; *Gravel Road Co. v. State*, 105 Ind. 37 (1 N. E. Rep. 316). And see *Wilson v. Hathaway*, 42 Iowa, 173. If this is true, it follows that just such a notice as was given might have originally been prescribed by the legislature, and that the legalizing act in question is valid so far as this question is concerned, and the owner of the land cannot complain that his property has been taken without due process of law.

There is another feature of the case which may be mentioned in this connection. The plaintiff bought after the location of the road, and after the passage of the act in question, and at a time when the road was open and in use, so that, in any event, he has lost nothing by the want of notice to the then owner. In legalizing the action of the board of supervisors, the legislature did not establish this highway. It had already been established, and the act simply made a valid act out of an invalid one. Nor was the act unconstitutional because of no personal notice to the resident owners for the reasons we have already given. There is nothing in the claim that it was local legislation. While the legislature may not have had the power to prescribe one sort of notice in one county and another in the next, after the act was done it was within its constitutional power to legalize that particular act, because it could not be made of general application at that time.

The judgment of the district court is right, and it is AFFIRMED.