CITY OF IDA GROVE, IOWA, Appellant, v. THE IDA GROVE
ARMORY CO., Appellee.

**Municipal corporations:** CONSTRUCTION OF PUBLIC BUILDINGS: ADOP-
1   TION OF PLANS: SUBSEQUENT CHANGE. Approval of the plans and
contract for the construction of a public building by the electors
of a city will not preclude the officials of the city from there-
after making inexpensive and advantageous changes in the plans
as the work progresses.

**Same:** PARTY WALL: CONSTRUCTION BY CITY: EVIDENCE. In an action
2   by a city to recover a part of the cost of constructing a party
wall used by an adjoining owner in the erection of an adjacent
building, the plans and specifications for the construction of the
city building, legally adopted, were admissible in evidence under
a plea that the adjoining owner could use the wall without ex-
pense, pursuant to a contract with the city showing that the plans
adopted and approved by the electors contemplated a joint erec-
tion of the building, and that the city should construct the party
wall.

**Same.** Where the plans and specifications for a public building show-
3   ing that the city should erect a party wall were approved by
the electors, the city could not avoid this duty on the ground
that the contract with the adjoining owner did not mention the
construction of the party wall.

**Same:** PARTY WALL: USE BY ADJOINING OWNER: ESTOPPEL. Where
4   the plans adopted by the city for the construction of a building
required the erection of a division wall, the officers of the city
had authority to permit the use thereof by an adjoining owner
upon fair consideration, without submitting that question to a
vote of the people. And where the city has had the benefit of a
contract providing for the construction of a party wall it is es-
topped to deny its obligation to permit an adjoining owner to
use the same.

**Same:** INSTRUCTIONS. The instructions in the instant case relating
5   to the contract with the city for the construction of a party
wall are held under the peculiar facts of the case to have been
proper.

*Appeal from Ida District Court.*—Hon. Z. A. Church, Judge.

Thursday, April 7, 1910.

Action to recover, the cost or value of a party wall. Defendant pleaded that it had the right to use the wall under a contract with the city, whereby it was given the privilege of so doing without expense. The case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Charles S. Macomber,* for appellant.

*Johnston Bros.* and *M. M. White,* for appellee.

Deemer, C. J.—The city was at one time the owner of lot eighteen, block nine, in the corporate limits of the town, and the defendant had an option on lots nineteen and twenty, in said block. Twenty was a corner lot, and it was practically excavated so as to accommodate the basement of a building. Lot eighteen is an inside lot, and the difference in the value of the two lots was between $700 and $1,000. The city was contemplating the building of a city hall and fire station, and, desirous of having a corner lot, it entered into negotiations with the defendant, it being satisfied with an inside lot, for an exchange of lot eighteen for lot twenty. These resulted in an agreement whereby an exchange was to be made, the city to turn over its lot for the one owned by the defendant, to pay the defendant $300 in cash, and to erect at its own expense the partition wall which was necessary to be constructed when the buildings were erected. The city was also to afford access to the gallery of the armory building from a stairway in the city building. An architect was engaged who drew plans for the city build-

ing and the armory, and these plans, when prepared showed that the city was to build the partition wall and construct the stairway as agreed. These plans were adopted, and a contract for the construction of the city building was let to one Ketterman. Thereafter and in due season the matter of erecting the city hall according to the plans and specifications and of concluding the contract with Ketterman was submitted to a vote of the electors at a special election, resulting in a majority vote in the affirmative. Thereafter, and after all the material had been ordered, the city council, without again submitting the matter to the people, made a change in the plans so as to substitute a solid ten-inch concrete partition wall with no opening into the gallery of the armory in place of a wall of studding, lath, and plaster, with an opening into the gallery. Thereafter, some doubts having arisen regarding the legality of the proceedings, the Legislature passed the following legalizing act:

Acts, election, ordinances and resolutions legalized: That the acts of the town council of the incorporated town of Ida Grove, Iowa, and the election held by said town on the 7th day of August, 1905, and all acts and things done in connection therewith, and all the official acts of the officers of said town, and all motions, ordinances and resolutions passed by the council of said town, not in contravention with the laws of the state of Iowa, with relation to the erection of a city hall and fire station within said town, the letting of a contract for the erection of same, and submitting of the proposition to the vote of the people; the levy of a three mill tax for the purpose of providing funds for the payment of the same are hereby legalized and declared to be valid and binding, the same as though the law in all respects had been complied with. Chapter 235, Acts 31st General Assembly.

This act went into effect March 15, 1906. The record does not show just when the two buildings were erected,

·but it must have been some time prior to the bringing of

**1. MUNICIPAL CORPORATIONS: construction of public buildings: adoption of plans: subsequent change.**

this action, which was commenced July 11, 1907. As already suggested, the plans prepared by the architect, which were for the two buildings, showed that the city was to erect the partition wall, and this was approved by the electors, although the resolution passed by the city council with reference to the exchange did not mention that fact. The change made in the construction of the partition wall was not submitted to the electors, however, although fully agreed to by the city, and a resolution to that effect was entered upon the records of the council. The legalizing act cured all defects, if any, in the proceedings down to the time of the adoption thereof; but it is contended for appellant that, as the change in the partition wall was never submitted to the electors, this change was invalid, and that the city may recover one-half the cost or value of the wall as finally · erected because no approval thereof was obtained from the people. There is no showing that this change increased the cost of the building, or that the city has been prejudiced in any way on account thereof. Were we to go to the extent contended for it would result in a holding that after the electors have approved plans, and a contract for the erection of a ·public building, the city officials can make no change whatever in the plans for the building, no matter how inexpensive or advantageous. This surely can not be the law.

The plans and specifications for the building or buildings were introduced in testimony over plaintiff's objection. We think they were competent and material. They

**2. SAME: party wall: construction by city: evidence.**

showed that the city was to build and erect the partition wall, and the electors approved thereof. The acts of the town council, and all acts and things done in connection with the election, and all motions, ordinances and resolutions passed by the council with relation to the erection of the

city hall, and the letting of the contract, were fully legal-. ized by the act heretofore set out in this opinion, and in virtue of this act became legal and binding. *Fair. v. Buss,* 117 Iowa, 164; *Richman v. Board,* 77 Iowa, 513; *City v. Walliker,* 98 Iowa, 655; *Marion v. City,* 121 Iowa, 306.

The further contention is made, however, that as the contract with the armory company did not mention the building of the partition wall, and as the resolutions of the council did not mention that this was part of the consideration for the exchange—this provision, although in fact made, as shown by the testimony, can not be considered, is void, and of no effect, and that the city is entitled to ignore them and recover one-half the cost or value of the party wall. It seems to us that the electors did approve of this project because they approved of the plans and specifications which showed it.

3. SAME.

Moreover, in view of the fact that a wall was required to complete the city building, the city authorities had the right to stipulate for the use thereof by another upon a fair consideration without submitting the matter to a vote of the people. Moreover, the city has had the full benefit of the contract, and is now, after the contract has been fully executed, endeavoring to advantage itself of that part of it which is beneficial and to repudiate the remainder. This, it seems to us, can not be done. Had the city erected a building without any contract whatever as to a partition or party wall, its proper authorities could in our opinion consent to the use of that wall by another for a consideration without the vote of the people. If this be true, then there is no merit whatever in plaintiff's case.

4. SAME: party wall: use by adjoining owner: estoppel.

Bearing upon the question of ratification and estoppel on the part of the city, we quote the following from *Kagy v. Ind. Dist.,* 117 Iowa, 694: "There is nothing morally wrong or inequitable in saying to a school district that

it must pay a fair consideration for benefits received before it will be permitted to repudiate an executed contract by virtue of which it has obtained and continues to hold, something of substantial value. It is held even in courts of law that a school district receiving, accepting, and using the benefits of an unauthorized contract for the building of a schoolhouse will be held to have ratified it, and thereby have bound itself to make due payment." This is quite analogous to the case at bar, and is as it seems to us conclusive upon the proposition involved. Fraud is not pleaded, proved, or suggested in argument.

II. Some of the instructions are complained of. They are numbered nine and ten, and read as follows:

"If you find by a preponderance of the evidence that at the time of the exchange of lots eighteen and twenty that the understanding and agreement was entered into between plaintiff and defendant, by the terms of which defendant was to receive in consideration of a deed for lot twenty a deed to lot eighteen, $300 in cash, and that plaintiff was to build and maintain the party wall in question, the plaintiff can not recover, and your verdict will be for the defendant.

5. SAME: instructions.

"If you find by a preponderance of the evidence that prior to the transfer and exchange of deeds in question defendant had an option on lots nineteen and twenty and that plaintiff and defendant entered into an agreement under the terms as claimed by defendant, and that, acting thereon defendant closed its option and transferred the deeds in question, the plaintiff can not recover, and under such circumstances your verdict will be for the defendant."

As applied to the peculiar facts of the case, these instructions are not erroneous.

We discover no prejudicial error in the record, and the judgment must be, and it is, *affirmed*.