DAVENPORT MUTUAL SAVINGS FUND AND LOAN ASSOCIA-
TION *et al.* v. SCHMIDT.

1. JURISDICTION OF COUNTY COURT. The filing of a petition and the service of notice confers jurisdiction upon the County Court.

2. SAME: PRESUMPTION. After the jurisdiction of the County Court attaches every presumption is in favor of the regularity of its proceedings.

3. SAME: LOCATION .OF .ROAD. The location of a road, by a County Court, over a route different from the one described in the petition, and in the report of the commissioners, is an irregularity which could be corrected on appeal, but will not be treated as an order made without jurisdiction.

*Appeal from Scott District Court.*

WEDNESDAY, OCTOBER 14.

THE Davenport Mutual Saving Fund and Loan Association filed their bill in equity enjoining the defendant, Schmidt, as Supervisor, from opening a certain road through a tract of land owned by said company.

A demurrer to the petition was sustained, and the plaintiff appeals.

*Davison & True* for the appellant.

*James T. Lane* and *Henry C. F. Jenson* for the appellee, cited *Cooper* v. *Sunderland,* 3 Iowa, 114; *Morrow* v. *Weed,* 4 Id., 78; *Little et al.* v. *Sinnett,* 7 Id., 324; *Frazier* v. *Steenrod,* Id., 340; *The State of Iowa* v. *Berry,* 12 Id., 58; *Long et al.* v. *Burnett,* 13 Id., 28; *Findall* v. *Mecker,* 1 Scam., 139; *Myers* v. *Sims,* 4 Id., 500; *Ball et al.* v. *Humphrey et al.,* 4 G. Greene, 204; *McCune* v. *Swafford,* 5 Iowa, 552; *McCrory et al.* v. *Griswold,* 7 Id., 248.

BALDWIN, Ch. J.—It is claimed that the road about to be opened was located while the land was owned by one Wotz, and that the complainants purchased the land, after the location was made. After the bill was filed and an injunction issued, Claus Fuhlenburg purchased the said land of the said company, and, upon petition, was, by order of the Court, subrogated to all the rights in this proceeding, of the original petitioners.

It is claimed by the complainants, in their petition, that the defendant had no right to open said road, as the County

Court, which established the same, acted without any jurisdiction, as there never was a petition filed, or notice given, or commissioner appointed to locate any such road. It appears that a petition was filed in the office of the County Court, praying for the establishment of a certain road, some nine miles in length, running through the land purchased by the complainant; a commissioner was appointed to locate said road, and due notice given of the hearing of the application, as also of the hearing when the road was established. It appears, however, that the final order of the Court changed the line of the road, so that instead of running straight through the north line of section 29, as prayed for, and reported in favor of, by the commissioner, it runs along the south and west line of the north half of the northeast quarter of said section 29, being a half of a mile south of the line prayed for, so far as the same run through the land of complainant. The road as petitioned for and the one established differ only in this particular. The defendant demurred to the petition, and the sustaining of this demurrer is the error assigned.

The question presented is, whether there was such a want of power or jurisdiction in the County Court to render the final judgment it did, that its validity can be attacked in this way. When the jurisdiction of the Court attaches, every presumption is in favor of the regularity of its further proceedings. The filing of a petition and the service of the notice confers such jurisdiction. The bill of complainant does not negative the fact that a petition was filed and notice served in the cause pending in the County Court, to establish this road. This petition designated the commencement and termination, as well as the intermediate points in the road. The jurisdiction was, by the filing of the petition and the service of the notice, made complete. The only question then arises, whether the Court had the power to change, as it did, the line of the road through

complainant's land. It could have done so upon the written consent of the owners of the land being filed and made a matter of record. It is alleged in the bill that no such consent was ever obtained, and this averment is admitted by the demurrer.

The case of *The State of Iowa* v. *Berry* is cited by counsel of appellant to show that such a judgment is void. The record introduced by the State, in that case, to show the establishment of the road, which, it was claimed, had been obstructed, failed to show that any petition had been filed, or notice given. There was a total absence of everything that tended to show the jurisdiction of the Court, and it was held that no presumptions obtained in favor of its proceedings until it appeared that it first acquired jurisdiction. That case is not like the one before us, as the bill alleges, and it is admitted by the demurrer that a petition was filed and notice given, &c. If the cause stood upon the petition and report of the commissioner alone, the Court could not have changed the line of the road, without going beyond the power conferred upon it by law. But even if the judge exceeded his statutory powers, would this render the judgment void? We are inclined to think it was an irregularity in its proceeedings that could have been corrected upon appeal. The parties affected by the location of the road, the proper notice having been given, are presumed to have been in Court, and if aggrieved by the final order, they had their remedy.

The Court having jurisdiction, every presumption thereafter is in favor of the regularity of its proceedings, and they cannot be inquired into collaterally. *Cooper* v. *Sunderland*, 3 Iowa, 114. While the statute authorizes the establishment of a road different from that located by the commissioner only upon the written consent of the land owners, and this is made a matter of record, yet we think that if such owners were present in Court and assented to a change in

the route of the road, that in such case the Court would have the power to make the change. As everything is to be presumed in favor of the action of the Court, we are led to believe that some such power was given to the Court in this case, or its judgment would have been otherwise.

. Affirmed.