## KNOWLES v. THE CITY OF MUSCATINE.

1. **Highways:** IN INCORPORATED CITIES AND TOWNS. Special acts, conferring upon a city the power to regulate and improve the lanes and alleys, to regulate the width of sidewalks, and provide that said lanes and alleys, including the roads leading from the city for one mile, shall constitute one road district, did not affect the power given to the County Court to establish roads through the county.

2. —— WIDTH: IRREGULARITY. An order of the County Court, under the Code of 1851, establishing a road which was more than sixty-six feet in width, was irregular, but not void. It could be corrected only on appeal, and could not be attacked collaterally.

*Appeal from Muscatine District Court.*

THURSDAY, APRIL 12.

PLAINTIFF claims the title to and the right to the possession of parts of certain lots in the city of Muscatine. The defense is, that the real estate thus claimed is a public highway duly established; and the whole controversy turns upon the validity of this defense. Trial by the court, judgment for the defendant, and plaintiff appeals.

*D. C. Cloud* for the appellant.

*Richman & Brother* for the appellee.

Knowles v. The City of Muscatine.

WRIGHT, J.—This road was established in 1854, is one hundred feet wide, and located entirely within the limit

1. ROADS AND HIGH-WAYS: in incorporated cities and towns.

of the city of Muscatine. The first question is, whether the County Court had the power to establish this road *within the city limits*. It is conceded that the power existed under the general powers of the County Court, unless it was taken away by some special statute. This, it is claimed, was done by sections 9 and 11, p. 248, Laws of 1839, and the amended city charter, 1842. Laws of 1841–2, p. 120. These statutes confer the power to *regulate and improve* the lanes and alleys; to *regulate* the width of sidewalks, and provide that said lanes and alleys, including the roads leading from the city for one mile, shall constitute one road district. There is no power in these provisions to *open* a street or road. The power to regulate and improve does not carry with it the right to condemn and open. The general power conferred, therefore, upon the County Court to establish roads throughout the county is not affected or repealed be these special provisions, and the objection is consequently overruled.

It is next claimed that the statute (Code of 1851, §§ 515, 516) contemplates that a public road shall not exceed

2. width: irregularity.

*sixty-six* feet in width, and that there was no power, therefore, to establish this road of the width of one hundred feet. The language of these sections is not free from doubt; but conceding the construction claimed, and the inquiry is, was the order void, or erroneous merely? It appears that the County Court had *full and complete jurisdiction over the parties and the subject matter*. The order made was never appealed from, but remained in force and virtue. Under such circumstances we incline to the opinion, and so hold, that the order was not void, but irregular or erroneous merely. This being so, the claimed defect could not avail plaintiff in this col-

lateral proceeding. Sustaining this view, see *Davenport Mutual Saving Fund and Life Association* v. *Schmidt*, 15 Iowa, 213; *The State of Iowa* v. *Berry*, 12 Id., 58, and cases there cited.

                                                        Affirmed.