BROOKS v. PAYNE ET AL.

1. **Highway**: AUTHORITY OF BOARD OF SUPERVISORS. The authority of the Board of Supervisors to lay out, establish, alter, or discontinue roads is not abridged or taken away by the provisions of Chap. 160, Acts of Twelfth General Assembly.

2. ———: ———. A condition annexed by the Board of Supervisors to an order re-locating a road, which does not prejudice one opposing the change, cannot be complained of by him.

*Appeal from Tama District Court.*

WEDNESDAY, APRIL 29.

CERTIORARI. The petition shows that defendant Hays, with others, petitioned the Board of Supervisors to make a certain change in a road described in the petition. After proper orders appointing commissioners, fixing a day for final hearing before him by the Auditor, etc., that officer, upon a trial, determined against the petitioners for the road and refused to make the change. Subsequently, at a regular meeting of the Board of Supervisors, the matter came up for review, and the action of the Auditor was disapproved. And thereupon the Board proceeded to re-locate the road and make the change asked by the petition in accordance with the recommendation of the committee appointed in the cause. The re-location was made conditional upon the petitioner, Hays, constructting two culverts and grading a hill upon the new route. The petition shows that the condition has been performed, and the re-location made accordingly. The plaintiff claims that the Board of Supervisors exceeded their jurisdiction and acted illegally in determining the question of re-location after having disapproved of the action of the Auditor, and in entering a conditional order for the re-location of the road.

A demurrer to the petition on the ground that it does not state facts showing the Board of Supervisors acted illegally or exceeded their jurisdiction, was sustained. Plaintiff appeals.

*Applegate & Kinne,* for appellant.

*Stivers & Safley,* for appellee.

BECK, J.—I.  We are first required to determine whether the Supervisors, upon disapproving the action of the Auditor,

1. HIGHWAY: authority of supervisors.   possessed jurisdiction to enter a judgment and order relocating the road, if required by the law applied to the case made by the petitioners, or whether their authority was limited to a simple disapproval of the action of the Auditor and whether the case should have been referred to him for further consideration.

Chapter 160, § 2, Acts of 12th General Assembly, is in these words:  "The Auditor shall have power to exercise all the duties now performed by the Clerk of the Board of Supervisors in relation to the establishment, alteration and vacation of roads within his county, and for this purpose shall have power and jurisdiction to receive petitions, issue notices, appoint commissioner, and to hear and determine all matters in relation to the vacation, establishment and alteration of roads, and to make all orders relating to the same, subject however, in all cases, to final review and approval by the Board of Supervisors."

The chapter wherein this section is found created the office of Auditor and prescribes the duties pertaining to the office, which supercede those of the clerk of the Board of Supervisors, an office before existing.  The jurisdiction of the clerk of the Board of Supervisors in road matters was prescribed by Rev. § 328 in these words:  "When duties are to be performed or acts done [pertaining to roads] which cannot be performed by the Board of Supervisors without too much delay or inconvenience, such board may confer the power to perform such duties upon the clerk of the district court, [*ex officio* Clerk of the Board], and it shall be the duty of such clerk to exercise authority so conferred, and discharge the duties so required."

We find it unnecessary to decide the question raised upon these enactments, namely; whether the Auditor possesses jurisdiction in road matters unless it be conferred by the Supervisors under the section last quoted.  The case may be determined without the solution of this question.

The Board of Supervisors are clothed with full power to lay out, establish, alter, or discontinue roads.  Rev., § 312, pp.

16, 17. This jurisdiction is not abridged or taken away by the language of the subsequent legislation found in chapter 160, Acts of 12th General Assembly.

Conceding, for the purposes of this case, that the Auditor has jurisdiction of road matters without authority confirmed by the board of Supervisors, we will consider § 2 Chap. 160, Acts of 12th General Assembly, and inquire into the power of the Supervisors under it, when the action of the Auditor is reviewed.

The Supervisors, as we have seen, are clothed by Rev. § 312, with jurisdiction to establish or change roads. The Auditor has like authority. His action may be reviewed and disapproved by the Supervisors. When the proceedings are brought before them they obtain jurisdiction of the case, and, as it is not limited by the statute to the determination of errors of law, they may, in its exercise, dispose of the case, and render such judgment as the facts and the law require. This is done if they approve of the act of the Auditor; if they fail to approve it, the proceeding is still pending and they may proceed therein to exercise fully the jurisdiction they possess. By the use of the word "review" the legislature did not intend to limit the action of the Supervisors to the consideration of the law of the case; the facts are to be reviewed as well, and their jurisdiction is to be executed to the complete disposition of the whole matter. These views are strengthened by the consideration that they result in upholding the statute conferring jurisdiction upon the Supervisors, while a contrary doctrine would require us to hold the enactment repealed by implication. Another consideration has a like effect. The proceedings, when entertained by the Auditor, are really before the Supervisors, in the Supervisor's court, in contemplation of law. The review provided for is a re-trial of the matter involved in the same forum. Such a trial ought to result in a final judgment.

II. Without deciding that the condition annexed to the order re-establishing the road was not erroneous, we hold that plaintiff's interests were not prejudicially affected thereby. For these reasons he cannot assail the judgment. The demurrer was properly sustained.

AFFIRMED.