THE STATE v. WAGNER ET AL.

1. **Highways**: AUTHORITY OF AUDITOR. The county auditor is not authorized to establish a highway of less than sixty-six feet in width, the power to establish such an one being vested in the board of supervisors alone, who may exercise it for good and sufficient reason.

2. ———: ———: BOARD OF SUPERVISORS. The auditor having illegally established a highway forty feet wide, the board of supervisors has jurisdiction to vacate the same.

*Appeal from Clinton District Court.*

WEDNESDAY, APRIL 4.

THE petition states that the defendant, Wagner, is county auditor, and the other defendants are members of the board of supervisors, township clerk, and supervisor of highways; that a petition was presented to the board of supervisors asking the establishment of a highway of the width of forty feet; that a commissioner was appointed to view and report upon the expediency of said highway, who made a report recommending the establishment of the same in accordance with the petition, a day was fixed for the final hearing and the notices provided by law duly served.

On the day thus fixed, there having been no objection to the highway or claim for damages filed, the auditor proceeded to and did establish said highway, and notified the township

clerk thereof; that the said clerk ordered the supervisor of highways to have the same opened and worked; that afterwards, and on the 7th day of December, 1875, being the next day, objections were filed to the establishment of said highway and also a claim for damages.

On the 3d day of April, 1876, a petition was filed asking the board of supervisors to vacate the order establishing the highway, and on the 6th day of said month the board, without notice to the petitioners, made an order vacating the action of the auditor, and thereupon said auditor notified the township clerk and supervisor of highways not to open and work said highway.

It is claimed the board had no power or jurisdiction to make said order, and that what was done in this respect is a nullity. A writ of mandamus is asked, commanding defendants to have said highway opened and worked according to law. A demurrer to the petition having been sustained the plaintiff appeals.

*L. A. Ellis* and *K. W. Wheeler*, for appellant.

*Merrill & Howat*, for appellees.

SEEVERS, J.—I. It is urged that the auditor had no power to establish a highway of a less width than sixty-six feet, and this first demands our attention.

Without doubt it is true highways can only be established, vacated or changed in accordance with the provisions of law enacted by the General Assembly.

1. HIGHWAYS: authority of auditor.

The several officers or boards possess the power or authority vested in them respectively by statute and none other.

It is provided by Sec. 921 of the Code that "highways hereafter established must be sixty-six feet in width unless otherwise directed, but the board of supervisors may for good reasons fix a different width not less than forty feet, and they may be increased or diminished within the limits aforesaid, altered in direction or discontinued by pursuing substantially the steps herein prescribed for opening a new highway."

It will be observed that all highways must be sixty-six feet,

unless it is otherwise directed. Who then may so direct. Certainly none other than the board or officer upon whom such power is conferred.

It is very clear the board of supervisors may for good reasons establish a highway of any width between forty and sixty-six feet, as such power is expressly conferred. But we look in vain for any such power vested in the auditor.

It is, however, urged that the petition asked the establishment of a road only forty in width, and the commissioner having reported in favor thereof, and the auditor having established the highway, it must be presumed such a width is all that was required. This, however, is not satisfactory, because, 1. The petitioners have no right to ask for the establishment of a highway of any particular width. Code, Sec. 922. Their having done so makes that much of the petition surplusage. Besides this, it is not for them to determine what is sufficient for the public in this respect. 2. The Code does not give the commissioner any power to determine what width the highway shall be. His power is exhausted when he reports for or against the highway, so far as the present question is concerned; and 3. The fact that the auditor has so directed by no means demonstrates his power in the premises. The words "unless otherwise directed," as used in the Code, must of necessity mean that the direction shall be given by some competent authority. Section 937 of the Code authorizes the auditor in certain contingencies to establish highways, but nothing is said as to the width. Now suppose the petition, as it should have done, had simply asked the establishment of a highway on a certain defined route, and the commissioner had reported in favor of the same; will it be claimed that under this section the auditor could fix the width at forty feet and establish the highway? We are clear he could not legally have so done. If he could not in the supposed case, he could not in the one at bar for want of power.

II. But conceding the auditor acted illegally, had the board of supervisors the power and authority to set aside his order? 2. ——: ——: The Code provides: "The board of supervisors has
<br>board of su-<br>pervisors.  the general supervision over the highways in the

county, with power to establish and change them as herein provided, and to see that the laws in relation to them are carried into effect." Sec. 920. Having held that there was no law authorizing the auditor to establish the highway in question, we think the foregoing section conferred ample power on the board to set aside his action as a thing which had not been done according to law.

It was the duty of the board to see that the laws in relation to highways were carried into effect, and the same established or vacated in accordance therewith, and this could only be done by setting aside the action of the auditor, and for themselves determining as an original question whether the highway in question should be only forty feet in width. The section under consideration is about as broad as the statute under which *Brooks v. Payne*, 38 Iowa, 263, was determined. The language is different, but the meaning must be held to be the same.

The auditor having no power to establish highways of a less width than sixty-six feet, and as his jurisdiction over the subject matter only attached upon the happening of certain contingencies, his action was void, and *Knowles v. Muscatine*, 20 Iowa, 248, does not apply.

In fact, the auditor has no original jurisdiction over highways, but if no objections are made to the establishment of a particular highway, and no damages are asked, he may establish such highway. But the law interposed an objection to his establishing the road in question. He should have heeded it, and none other was required.

AFFIRMED.