## COOK v. TRIGG ET AL.

1. **Highway**: ESTABLISHMENT OF: JURISDICTION. Under section 927 of the Code, the adverse report of a commissioner appointed to examine into the expediency of establishing or vacating a highway puts an end to all proceedings in the matter; neither the auditor nor board of supervisors has jurisdiction to appoint another commissioner, and, upon a favorable report by him, to make the proposed location or change.

| 52 | 709 |
| 86 | 389 |

*Appeal from Floyd Circuit Court.*

### MONDAY, DECEMBER 15.

THIS is a proceeding by *certiorari* to inquire into the legality of the vacation of a certain highway. The court adjudged that the proceedings of the board of supervisors and county auditor be set aside and annulled as illegal, and not within their jurisdiction. The defendants appeal.

*J. S. Root*, for appellants.

No argument for appellee.

DAY, J.—On the 22d day of May, 1878, a petition was filed with the auditor of Floyd county, signed by E. C. Wilcox and others, praying for the vacation of all that part of the State Line and Independence road that runs diagonally across section 23, town 15, range 15. On the 23d day of May, 1878, George Whitehead was appointed a commissioner to view and report upon the expediency of vacating the said road. This commissioner reported that, after a careful examination of the route of the proposed vacation, he would recommend that the road remain as now located, for the reason that, in his opinion, the individual gain to the petitioner would be no compensation to the general public for the increased distance to be traveled. At the June session of the board of supervisors Wilcox made application to the board for the appointment of another commissioner, on the ground that Whitehead was prejudiced against any change in the road. On the 15th day of June, 1878, the auditor

*1. HIGHWAY: establishment of: jurisdiction.*

appointed Horace Stearns a "commissioner to view out and vacate" the road in question. Stearns made his report, recommending the vacation of the road as prayed for in the petition. On the 3d day of September, 1878, the matter was acted upon by the board of supervisors, and an order was entered vacating the road. Section 927 of the Code, with reference to the duties of the commissioner, provides: "After a general examination, if he shall not be in favor of establishing the proposed highway, he will so report, and no further proceedings shall be had thereon." We suppose this section applies equally to a report adverse to a proposed change, and this the appellant impliedly concedes. It is claimed by appellant that the words, "no further proceedings shall be had thereon," are merely an instruction to the commissioner that he shall make no further expense in the performance of any further duties in connection with the road. This is not, in our opinion, the meaning of these words. The meaning of the section is that if the report shall be adverse to the proposed location or change, no further proceedings shall be had in the matter. The petition cannot be made the basis of the appointment of a new commissioner. A report adverse to the matter proposed in the petition ends all further proceedings upon that petition. If the auditor may appoint a second commissioner he may appoint *ad libitum*, at the suggestion of an interested party, until a favorable report is procured.

The vacation of the road was illegal and without jurisdiction, and the court properly set the proceedings aside.

AFFIRMED.