## STATE v. BARLOW.

1. **Highway**: PETITION FOR: TO WHOM ADDRESSED. While section 922 of the Code prescribes that a petition for the establishment of a highway shall run to the board of supervisors, yet a petition addressed to the county auditor, the clerk of the board, was sufficient to give the board jurisdiction to establish the road which the petition very clearly, though not expressly, asked for.

2. ——: ——: BOND. Section 923 of the Code, providing that the auditor, before filing a petition for a highway, shall require a bond to be given, is merely directory, and where a petition was filed and a road established thereon without the filing of a bond, *held* that the proceedings were valid, and that the road was legally established.

3. ——: ESTABLISHED BY AUDITOR: WIDTH OF. Although the auditor had no power to establish a road only forty feet wide, (section 921 of the Code,) yet, where the record of his action was read over to and approved by the board of supervisors, it thereby became their action, and the road was thus legalized.

### *Appeal from Woodbury District Court.*

### WEDNESDAY, OCTOBER 3.

THE defendant was indicted for obstructing a public road. Verdict and judgment having been rendered against him, he appeals.

*J. H. Swan* and *M. B. Davis*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—I.   The highway in question is called the Eberly road.   For the purpose of proving the establishment

1. HIGHWAY: petition for: to whom addressed.

of the road, the state offered in evidence a petition signed by one Gibbons and one Wilson. The defendant objected to the evidence on the ground that it was insufficient as a road petition, but the objection was overruled.

The petition was addressed merely to the auditor of Woodbury county.   It described the road, and stated that such road was much needed, and asked for the appointment of a commissioner to examine into the expediency of establishing such road, but did not expressly ask for its establishment.

The first objection urged is that the petition did not run to the board of supervisors. Section 922 of the Code prescribes what shall be the form of the petition is substance. Among other things, it prescribes that it shall run to the board of supervisors. But the county auditor, to whom the petition ran in this case, is the clerk of the board, and is charged with certain duties, and clothed with certain powers, in relation to the establishment of roads. We think that the petition was not insufficient to give the board jurisdiction, merely because it ran to the clerk of the board, instead of the board itself.

Another objection urged to the petition is that it did not expressly ask for the establishment of a road. But the object of the petition is abundantly evident. It is stated that the road was much needed, and asked for the appointment of a commissioner. This could have been done only with a view to the establishment of the road.

II. The admission of the petition in evidence was further objected to, upon the ground that it did not appear that a 2. ——; ——; bond was first filed by the petitioners for the pay-
bond. ment of expenses in case the road should not be finally established, but the objection was overruled.

Section 923 of the Code provides that before the filing of the petition for a road, the auditor shall require a bond for the payment of expenses in case the road is not established. If, however, the auditor allows the petition to be filed without a bond, and proceeds to act upon it, we do not think that his action can be said to be without jurisdiction. We regard the provision in regard to requiring the bond as only directory. We think that the objection was properly overruled.

III. The road in this case was established by the auditor, and a part of it was only forty feet wide. The defendant in-
3, ——; es- sists that only the board of supervisors can estab.
tablished by lish a road less than sixty-six feet wide. In this it
auditor:
width of. may be conceded that the defendant is correct.
State v. Wagner, 45 Iowa, 482. But it is shown that a re-

cord of the action of the auditor was read over and approved by the board. His action, it appears to us, became substantially the action of the board.

IV. Some other questions are presented by the defendant, but they are not such as we can properly review without being certain that we have all the evidence before us; and the abstract does not purport to be an abstract of all the evidence. We think that there is no error.

AFFIRMED.