## CURTIS v. POCAHONTAS COUNTY.

1. **Highway;** JURISDICTION OF SUPERVISORS: DAMAGES: APPEAL: ESTOPPEL. A petition to the board of supervisors that a certain described highway be "opened for travel, as provided by law," confers no jurisdiction to establish a highway, for that is not the language of the petition; nor does it confer jurisdiction to open for travel one already established, for the statute gives to the board no such power. And where, on such petition, the board ordered that " the location of the road be granted as asked in the petition," and allowed plaintiff $10 damages, and she appealed, *held* that the appeal was properly dismissed, because the whole action of the board was void; that plaintiff was entitled to no damages, because no road had been established; and that the action of the board did not work an estoppel upon the county to set up on the appeal that the highway had been established many years before, and that, therefore, plaintiff was not entitled to damages.

*Appeal from Pocahontas Circuit Court.*

THURSDAY, JUNE 23.

THE facts are stated in the opinion.

*Duffie & Moody*, for appellant.

*Wright & Farrell*, for appellee.

SEEVERS, J.— The following petition was presented to the board of supervisors of the defendant in 1885: " The undersigned ask that the highway between sections twenty-nine (29) and thirty, (30,) and extending between sections thirty-one (31) and thirty two, (32,) south to the county line, in township ninety, range thirty four, be opened for travel, as required by law; and that the •highway running north and south through the center of said section twenty-nine be vacated." The only question in this appeal relates to the first matter referred to in the petition, there being no controversy as to the road asked to be vacated. Upon the presentation of the petition, the auditor appointed a commissioner .to view the proposed highway and vacation. The commission issued to such commissioner authorized him "to view, and, if required, locate, a highway." The commissioner reported that it was expendient, and for the accommodation of the public, that the road " should be located as petitioned for." A day was fixed by the auditor for further hearing, and notice thereof served on the plaintiff. The plaintiff filed a petition asking for damages sustained by her by reason of the location of said road. The auditor appointed appraisers to assess the damages sustained. They reported that she was entitled to $10, and thereafter the board, after due consideration, determined that the location of the road be granted as asked in the petition. Thereupon the plaintiff appealed to the circuit court, and the defendant in such court pleaded that the road in question had been duly located in 1871, and therefore the plaintiff

could not claim damages for such location. To this the plaintiff replied, and in substance pleaded that the defendant was estopped by the acts and conduct above set out from claiming that any highway existed over said land prior to January, 1886. The court dismissed the appeal, and we are required to determine whether it erred in so doing.

Before a highway can be lawfully established, a petition asking the establishment of such highway must be presented to the board of supervisors. Until this is done, the board, has no jurisdiction or power to establish a highway, and, if it does so, its action is absolutely void. It will be observed that the petition did not ask that a highway be established, but the relief asked was that "the highway be open for travel." Our attention has not been called to any statute authorizing the board to order or direct an established road to be opened, and our impression is that there is no such statute, but that it is the duty of the highway supervisors to open all established highways. But, be this as it may, the petition, did not ask that a highway be established, and therefore the board exceeded its jurisdiction and power when it proceeded to do so, and what it did is void, and without effect. It is obvious, we think, that the board of supervisors cannot, by reason of the doctrine of estoppel, obtain jurisdiction over a subject-matter when such jurisdiction has not been invoked in the manner provided by law. Therefore the acts and conduct of the auditor and board do not estop the county from setting up the defense it did. The plaintiff is not entitled to damages, for the simple reason that no highway was established by the board of supervisors in 1886, or since 1871. Whether one was legally established at the last-named period we are not called upon to determine.

In our opinion the judgment of the circuit court must be

AFFIRMED.