GUST. A. LEHMANN V. L. H. RINEHART *et al.*, Appellants.

Highway: Sufficiency of Petition to Give Board Jurisdiction. A petition asking that a highway described, "be ———," and which in no way indicates the relief desired, does not confer jurisdiction to establish a highway upon the board of supervisors. Code, 922; *Mc-Collister v. Shuey*, 24 Iowa, 363; *State v. Pitman*, 38 Iowa, 252; *Stevens v. The Board*, 41 Iowa, 343; *Harris v. The Board*, 55 N. W. Rep. 324; *State v. Barlow*, 61 Iowa, 572, and *Curtis v. The County*, 72 Iowa, 151, *distinguished*.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

MONDAY, FEBRUARY 5, 1894.

PROCEEDING to test the jurisdiction of defendants, as supervisors of Iowa county, to establish a highway. —*Reversed.*

*J. T. Beem*, County Attorney, and *Hedges & Rumple* for appellants.

*D. H. Wilson* for appellee.

KINNE, J.—I.   Plaintiff filed his petition in the district court for a writ of *certiorari* against the defendants, as supervisors of Iowa county, requiring them to certify to that court a transcript of the records and proceedings touching his application for the establishment of a certain public highway.   The writ issued, a return was made thereto, and, on the hearing had before the district court of Iowa county, it was ordered that the finding of the board that it had no jurisdiction be annulled, and that said board proceed in said proceeding for the establishment of said road, as asked by plaintiff, and that the defendants pay the costs.   From this ruling and order, defendants appeal.

II.   The petition presented to the auditor was as follows: "To the Board of Supervisors of Iowa County: The undersigned ask that a highway, commencing at (commencing at) the southeast corner of the northwest quarter of the northwest quarter of section 30–81–11, and running thence west thirty-two (32) rods, to the public highway known as the 'Glenwood Road,' running north and south, and terminating then at the point above stated, be ——.   Dated February 11, 1891. [Signed by] Gust A. Lehmann and Thirty-Six Other Householders."   With this paper there was filed a bond, which was approved by the auditor.   This bond was conditioned as by law required.   June 29, 1891, the auditor appointed a commissioner to examine into the expediency of establishing said highway, and he afterward reported in favor of the same.   Due and legal notice was given of the filing of this report.   Thereafter thirty persons presented a remonstrance against the location of said highway.   At the September ses-

sion, 1891, of the board of supervisors, the matter came on for hearing, and, after hearing the parties, the board decided that it had no jurisdiction. On the hearing of the *certiorari* proceeding before the district court, this adjudication of the board was set aside, and it was ordered to proceed in the case. The only question presented in this record is the sufficiency of the petition to invoke the jurisdiction of the board of supervisors. The petition is in the form prescribed by statute, except that it asks no relief whatever. It may be conceded that such a petition is sufficient if it follows the statutory form in substance, "expressing with reasonable certainty the action desired." We have held that a petition which asks "the appointment of a commissioner to open a road" is sufficient, as a substantial compliance with the statute (*McCollister v. Shuey*, 24 Iowa, 363); and the same doctrine was approved in *State v. Pitmam*, 38 Iowa, 252, *Stevens v. Board*, 41 Iowa, 343, and *Harris v. Board*, 55 N. W. Rep. (Iowa) 324. It was held, in the last case cited, that a petition was sufficient which asked for "a change in the road," describing the proposed line, and asking that it "be vacated and abandoned, or that the said old road be vacated, only, and no change made or new road established, and that a commissioner be appointed to view the proposed change of road." In *State v. Barlow*, 61 Iowa, 572, 16 N. W. Rep. 733, a petition addressed to the auditor, and describing the road, and stating that it was much needed, and asking for the appointment of a commissioner to examine into the expediency of establishing such road, was held sufficient, though it did not in terms ask for the establishment of a road. The court said: "But the object of the petition is abundantly evident. It is stated that the road was much needed, and it asked for the appointment of a commissioner. This could have been done only with a view to the establishment of the road." It will be observed

that, in the cases cited, the petitions contained statements not found in the one in the case at bar. We can not see how the petition in this case can be held to confer jurisdiction on the board to act. It neither asked for the establishment, vacation, nor alteration of a highway. In fact, it asked for nothing. It did not request the appointment of a commissioner. It contained no statements touching the necessity for a highway over the route described. It was absolutely silent as to the relief sought. So far as the form of the petition is concerned, it applied equally to a case of establishment, vacation, or alteration. It failed to express the action desired. We fail to find any case in which it has been held that the petition for the establishment of a highway was sufficient when it contained nothing indicating the nature of the relief sought. We concede that, in these preliminary steps for the establishment of highways, the law should be liberally construed; and a mere technical failure to comply with prescribed forms, when it is clear from the form used what is desired, should not prevent carrying out the manifest intent of the petitioners. But, as we have said, there is no language used in this petition which indicated what, if any, relief the petitioners desired. It is not a substantial compliance with the statute. Code, section 922; *Curtis v. Pocahontas County*, 72 Iowa, 151, 33 N. W. Rep. 616. The presenting of a petition asking for the establishment of a highway is necessary in order to confer jurisdiction on the board of supervisors to establish the same. *Curtis v. Pocahontas County, Id.* This establishment need not be asked in terms, but there must be something in the petition which clearly indicates the relief sought, else jurisdiction to act is not conferred upon the board. In this respect the petition in the case at bar is fatally defective. We think the district court erred in overruling the action of the board of supervisors, and its judgment is REVERSED.