J. L. SULLIVAN, Appellant, v. ENOCH ROBBINS.

**Vacation or Alteration of Highway:** COLLATERAL ATTACK: No bond filed. That petitioners applying to a county board for the vacation of a highway did not file a bond for the payment of the expenses of the proceedings will not invalidate the same.

SAME: Reduction to less than 40 feet wide. The alteration of a highway by the county board, reducing its width to less than 40 feet, is not such an irregularity as can be taken advantage of collaterally.

SIGNING PETITION THROUGH FRAUD. That one was induced through fraud to sign a petition to the county board for the vacation of a highway is not a ground for declaring void the action of the board.

NO NOTICE OF VACATION. The notice of proceedings to vacate a highway required by Code, section 1495, to be served on adjoining landowners, need not be served on a petitioner for such vacation, where he has no claim for damages.

*Same.* A pleading attacking the proceedings of county supervisors in vacating a highway on the ground that the notice required by Code, section 1495, was not given, is insufficient, unless it shows facts which would call for a notice under said section.

NO COMMISSION APPOINTED. Petitioners for the vacation of a highway cannot complain that no commissson was appointed by the county board to pass on the expediency of the proposed vacation.

MANDAMUS AND CERTIORARI. Mandamus will not lie for illegality in the vacation of a highway by a county board of supervisors; Code, section 4341, providing that mandamus shall not issue where there is a plain, speedy, and adequate legal remedy, and section 4154, providing that the remedy where an inferior or board acts illegally is by *certiorari.*

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, OCTOBER 11, 1899.

ACTION of mandamus to compel defendant, who is road supervisor, to remove obstructions from a certain highway, and to open the road to **its** full width. The trial court sustained a demurrer to plaintiff's petition, and he appeals.— *Affirmed.*

*Daniel Davis* for appellant.

*Bolton & Bolton* for appellee.

DEEMER, J.—The petition and amendment thereto disclose that a certain highway in Mahaska county, which was duly established more than thirty years ago, is and was so obstructed as to be impassable, and that defendant was duly notified before the commencement of the action to remove said obstructions, but that he had failed and neglected

to do so. It also appears that the board of supervisors, on a petition signed by plaintiff and others, vacated a part of the road which plaintiff says is obstructed, and reduced the remainder from fifty to thirty feet in width. The petition alleges that plaintiff's signature to the petition asking for the vacation and reduction of the road was obtained through fraud, and that the action of the board was illegal, (1) because no road can be reduced to less than forty feet in width; (2) because no petition or bond was filed with the county auditor, and no commissioner was appointed to examine the expediency of the proposed vacation, and no report was ever filed with the county auditor; (3) because no notice was served upon adjoining landowners; and (4) because no notice of the hearing was given to any person whatever. The demurrer is based on several grounds, some of which are that this is a collateral attack upon the action of the board; that the proper remedy is by *certiorari*, and not by *mandamus*; and that the board of supervisors have exclusive jurisdiction over the highways in their county.

It will thus be seen that this is an attack upon the action of the board in vacating the highway. The statute provides that boards of supervisors have general supervision of the roads in their counties, with power to establish, vacate, and change the same. It appears that a petition asking for the vacation of the road was duly presented to the board, and that it granted the petitioners' request. True, no bond was filed, but that fact will not invalidate the proceedings. *Woolsey v. Board,* 32 Iowa, 130.

It also appears that a part of the road was altered so as to be less than forty feet in width, but that is not such an irregularity as can be taken advantage of in a collateral proceeding. *Knowles v. City of Muscatine,* 20 Iowa, 248.

That plaintiff was induced to sign the petition for vaca-

tion through fraud is no reason for declaring the action of the board void. Indeed, the only fraud alleged is that he was misled into signing the petition because he believed it pertained to some other road. Surely this is not a ground for collateral attack upon the action of the board.

It is true that no commissioner was appointed to pass upon the expediency of the proposed vacation, but as the plaintiff and all parties in interest, so far as disclosed by this record, signed the petition, they are in no position to complain. A commissioner was appointed to make the survey of the new road established in lieu of the old, and he made a survey and made his report.

The notice required by section 1495 of the Code is for the purpose of giving the owners of land living or abutting on said road an opportunity to object to the establishment or vacation thereof, or to present their claims for damages. As plaintiff signed the petition, no notice to him was required, unless it be for the purpose of presenting a claim for damages. But he does not say in his petition that he had any claim. Indeed, it would seem that he has no basis for a claim for the vacation of the road. *Grove v. Allen,* 92 Iowa, 519; *McKinney v. Baker,* 100 Iowa, 362. Again, there is no such showing in the petition as would require the giving of notice. *McKinney v. Baker, supra.*

The claim that no petition was filed for the vacation of the road is without merit. Indeed, plaintiff's petition alleges that it is the road he seeks to have opened that was vacated. If there were no such allegation, we think it clearly appears from the whole record that it is the same road.

The policy or expediency of the alleged vacation cannot be controlled by action of mandamus. From what has been said, it appears that none of the irregularities complained of go to the jurisdiction of the board to make the order. If that tribunal acted illegally, *certiorari* is the proper remedy. *McCrary v. Griswold,* 7 Iowa,

248; *Tiedt v. Carstensen,* 61 Iowa, 334. The statute provides that mandamus shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law. Code, section 4344. Section 4154 of the Code provides that the remedy in cases when an inferior board exercising judicial functions has exceeded its jurisdiction, or is otherwise acting illegally, is by *certiorari. Abney v. Clark,* 87 Iowa, 727; *Moffitt v. Brainard,* 92 Iowa, 122; *Stubenrauch v. Neyenesch,* 54 Iowa, 567; *Rockwell v. Bowers,* 88 Iowa, 88; *McLachlan v. Incorporated Town of Gray,* 105 Iowa, 259. It is clear that plaintiff cannot collaterally attack the action of the board of supervisors in vacating the highway, by mandamus.—Affirmed.