L. LAWRENCE, Appellant, v. J. S. WILLIAMS and others, Appellees.

**Highways:** ESTABLISHMENT: JURISDICTION.   Under the statute relating to the establishment of highways, an adverse report of the commissioner appointed by the supervisors is an end to the proceeding under that petition; but does not, however, deprive the board of jurisdiction to act upon a new petition, and to establish a road on the same route contemplated in the first.

*Appeal from Montgomery District Court.*—HON. A. B.
THORNELL, Judge.

WEDNESDAY, APRIL 6, 1910.

The opinion states the case.—*Affirmed.*

*Stanley & Stanley*, for appellant.

*W. C. Ratcliffe*, for appellees.

WEAVER, J.—On September 4, 1905, a petition was
presented to the board of supervisors of Montgomery
County asking for the establishment of a public road fifty
feet in width along the south side of section 33, township
71, range 34. A commissioner was appointed to view
the route of the proposed road, and, having reported ad-
versely, no further action appears to have been taken upon
said petition. On January 1, 1906, another petition was
presented to the board for the establishment of a road
forty-five feet wide over the same route. The commissioner
recommended the establishment of the road, but the board
refused to enter the order and denied the petition. There-
after on June 22, 1906, another petition was filed for
the establishment of a road of forty-five feet in width over
the same route described in the previous petition. Some
of the petitioners appear as such in all of the three several
proceedings, while many others are signers of the last pe-
tition only. The commissioner appointed upon the last
petition reported favorably thereon, and recommended the
establishment of the road. The plaintiff, who is an adja-
cent landowner, thereupon filed what he entitled a "claim
for damages," which he would suffer if the road be estab-
lished, though it wholly fails to suggest or claim the sum
or amount required to compensate him for the alleged
injury to his premises. He also objected to the establish-

ment of the road on the ground that the matter had been determined by the action taken upon the prior petitions, and that the board was without authority or jurisdiction to entertain another petition therefor. The objection was overruled, and the board proceeded to grant the petition and order the establishment of the road. To annul this order plaintiff sued out a writ of *certiorari* from the district court on the ground that, for the reason hereinbefore stated, the action of the board of supervisors was illegal and void. The defendants demurred to the petition for the writ on the ground that the order of the board in one proceeding, refusing to establish a road, is not a bar to a subsequent proceeding for such establishment, nor does it operate to deprive the board of the authority to entertain such subsequent proceedings. The demurrer was sustained and writ and petition dismissed at plaintiff's costs. The plaintiff appeals.

It is true as argued by the appellant that under Code, section 1488, as interpreted by this court in *Hupert v. Anderson,* 35 Iowa, 578, the adverse report of the commissioner worked a dismissal of the proceeding, and the board could not override the report and order the establishment of the road. Nor can a new commissioner be appointed upon the same petition in the hope or endeavor to obtain a more favorable report. *Cook v. Trigg,* 52 Iowa, 709; *Morgan v. Miller,* 59 Iowa, 481. But, the lack of jurisdiction in the board of supervisors to proceed with the establishment of a road after an adverse report by the commissioner being admitted, it by no means follows that it is also without jurisdiction to entertain an entirely new proceeding instituted by the filing of a new petition for the establishment of a road on the same line or route contemplated in the first petition. That the board's jurisdiction is not exhausted by a single proceeding which has been fully disposed of is distinctly held in *Pagels v. Oaks,* 64 Iowa, 201. The same rule is plainly suggested in

*Devoe v. Smeltzer,* 86 Iowa, 385. In the very nature
of things this must be so. The power to establish roads
is a legislative power, and, while under our statute it is
called into action by the petition of individual citizens
who ordinarily derive some real or supposed benefit from
such road, the decision to order or refuse the establishment
is controlled by public considerations, and is not an adjudi-
cation which forever forecloses further consideration of
the subject. A road established by the board of supervisors
this month or this year may by the same authority be va-
cated or changed next month or next year, or whenever
in the judgment of the board public interests require or
justify it. If the granting of a petition is not so final
or irrevocable as to prevent a future change or vacation,
then assuredly a denial of the petition is equally insuffi-
cient to prevent a future establishment of the road if upon
another hearing in another and independent proceeding
the board shall become convinced that public interests
require it. It would be a very unfortunate rule if the
failure of one road petition should be held a final adjudi-
cation for all time. Circumstances change with the years,
and a road which at one time would be of but little pub-
lic use may become a matter of great convenience or neces-
sity, and the board to which authority in the premises
is granted should be left free to exercise its discretion
according to the conditions as they appear when the appli-
cation is presented. It may be that the Legislature could
have wisely provided a reasonable period within which
after the rejection of one petition for a road another of
the same import should not be entertained. But it has
not done so, and it is not within the province of the court
to enact such a limit. The trial court was right in sus-
taining the demurrer, and the judgment appealed from
is therefore *affirmed.*