PETER HEERY et al., Appellants, v. J. T. ROBERTS et al., Appellees.

**TOWNSHIPS:** Powers of Trustees. Township trustees, in an action
1   wherein they are sought to be enjoined from interfering with obstructions in a highway which is under their jurisdiction, have standing to contend that such obstructions are unlawful because a so-called vacation of the highway was wholly void.

**JUDGMENT:** Void Judgment. Judgments, or orders in the nature
2   thereof, which are *wholly* void may be attacked (a) directly by appeal, or (b) collaterally, in any proceeding and at any time when any right is asserted under such so-called judgment. So held as to the vacation of a highway.

**HIGHWAYS:** Non-Jurisdictional Matters. Neither the giving of a
3, 5 *bond* nor the *appointment* of a commissioner, in proceedings for highway vacation, is mandatory.

**HIGHWAYS:** Refused Vacation Followed by Subsequent Petition.
4   The dismissal of one petition for vacation of a highway in no manner lessens the jurisdiction of the board to entertain a sub-sequent petition for the vacation of the same highway.

**HIGHWAYS:** Non-Jurisdictional Matters.
3, 5.

**HIGHWAYS:** Omission of All Notice. A vacation of a highway will
6   not be declared invalid because no notice, either actual or con-

structive, was had, when, on the face of the record, petitioners are the only persons entitled to notice. If someone else was entitled to notice, he who attacks the vacation must so show.

**HIGHWAYS:** Prescription—When Immaterial. All inquiry into the
7 question whether a landowner has, at some time, estopped himself to deny the existence of a certain highway becomes wholly immaterial in a proceeding in which the landowner predicates his right on a legal vacation, subsequent to the alleged estoppel.

**HIGHWAYS:** Vacation—Damages—Access to Land—Intermeddler.
8 A landowner cannot claim damages for the vacation of a highway, except where, by reason of the highway's being adjacent to his land, to which he has no other convenient *means of access*, he suffers by the vacation *special damages*, separate and distinct from those of the general public. Where he has such damages, he is entitled to notice of the vacation, and can contest want of notice and the validity of the vacation; but a mere *intermeddler without interest* cannot do so.

*Appeal from Butler District Court.*—C. H. KELLEY, Judge.

JANUARY 20, 1919.

SUPPLEMENTAL OPINION ON REHEARING, MAY 14, 1919.

As we view it, the ultimate question is whether the board of supervisors of the county acted without jurisdiction in vacating an alleged highway. All other questions turn upon that. The trial court held that the action of the board was void, and the plaintiffs appeal.—*Reversed.*

*Dawson & Wehrmacher,* for appellants.

*W. C. Shepard* and *Sager & Sweet,* for appellees.

SALINGER, J.—I. The appellants have constructed a fence across both ends of what they contend is a road or highway that has been duly vacated. The appellees constitute the board of township trustees of the township in which said alleged vacated road lies, and propose to deal with said fence as an unlawful obstruction of a highway, taking the position that the order to vacate said road is null

and void. The trial court held the vacation was a null-ity. The plaintiffs seek to restrain the defendant trustees from interfering with said fences or any other obstruction placed by appellants upon or over the alleged vacated high-way, and defendants, by counterclaim, pray that plaintiffs be restrained from obstructing said highway, and that the road which plaintiffs claim has been vacated be declared a legally established highway.

It is somewhat difficult to gather what is the precise position taken by the appellees. Their brief has language which greatly limits the controversy, but this limitation is often disregarded, and the dispute greatly enlarged. Thus we are compelled to consider some matters which, perhaps, are not seriously relied upon by the appellees. It may be understood from their brief that they complain, not only of the vacation of one road, but complain also of the new road that was established in its stead. We think this appeal is not concerned with the establishment of the substitute road. The board of township trustees may not complain of the establishment of the new highway. It certainly may not complain because appellants are willing to donate a road over their own lands, and the existence of such a road cannot concern the trustees. The appellants go beyond what we are now saying, and insist that the counterclaim and resistance of the trustees is impertinent, and that the board of trustees has no standing to ask that plaintiffs be restrained from maintaining the fences in question or other obstructions. It is the duty of this board, and it has power, to remove all obstructions in the highways under their jurisdiction. Sections 1527-s17 and 1560, Code Supplement, 1913. Having this duty and power, of necessity it has standing to respond to a suit which alleges that they have no right to remove an alleged obstruction, by maintaining, if they can, that the obstruction is an unlaw-

1. TOWNSHIPS: powers of trustees.

ful one.    And if to maintain that position it is necessary
to settle whether a roadway has or has not been duly vacated,
they have standing to make a contest on that question.

Related is the contention of the appellants that, because
the legality of the vacation is but collaterally involved
in this suit, the defendants must fail because, if the vaca-
tion was an act beyond authority

2. JUDGMENT:  of the board of supervisors, the sole
void
judgment.     remedy is an appeal from the action of
the board of supervisors.    Now, while it is
true that we held, in *Sullivan v. Robbins,* 109 Iowa 235,
that mandamus will not lie to correct illegality in the vaca-
tion of a highway, because certiorari affords an adequate
remedy at law, we think this does not overthrow the ele-
mentary doctrine that, though want of jurisdiction may be
raised on direct attack, it may also be asserted collaterally.
While it is true that, when a tribunal whose action may be
reviewed on appeal acts without jurisdiction, it may be
asserted on appeal that the lower tribunal erred because
it acted without jurisdiction, it is as true that that course
need not be pursued, and that the validity of an act charged
to be without jurisdiction may be raised whenever and
wherever any right is asserted upon such action.    A familiar
instance is found in several of our decisions wherein it is
held that, if a school board acts without jurisdiction, ap-
peal to the county superintendent is not the exclusive
remedy.

1-a

We are of opinion that the following contentions, re-
spectively made, cannot be sustained:

a. It avails the appellants nothing that the auditor noti-
fied the township clerk of the establishment of the road
substituted for the one alleged to be vacated.

b. It avails appellants nothing in this suit that they
have filed a remonstrance with the board of supervisors

against re-opening the highway claimed to be vacated, and giving reasons why it should not be re-opened.

c. Meeting the argument of appellees that there was no power to act because certain notices prescribed by statute were not given, appellant, at one point, asserts that these notices were given. We are of opinion this claim is not sustained by the record, and that appellants must stand or fall upon their position, elsewhere taken, that no statute notice was necessary.

d. If we shall find that the highway in question has been duly vacated, it avails the appellees nothing if they have shown that the vacated highway was either formally and duly established, or, if not, had become such highway by long public use and maintenance. If, though confessedly a public highway, there has been a lawful vacation thereof, obstructions thereon after such vacation are not unlawful, and the board of trustees cannot remove them.

II. Because appellees have not made clear just what they limit the dispute to, we proceed to consider their brief *seriatim.*

It may be gathered from the citation of the statute governing the matter that appellees contend no petition was filed. The record shows the contrary.

It may be gathered that the legality of the proceedings is challenged because no bond was filed with the auditor, such as is required by Section 1485 of the Code. This provision is simply directory. *State v. Barlow,* 61 Iowa 572; *Woolsey v. Board of Supervisors,* 32 Iowa 130; *Sullivan v. Robbins,* 109 Iowa 235.

3. HIGHWAYS:
non-jurisdic-
tional matters.

2-a

In May, 1915, appellants petitioned for the vacation of said alleged highway and the establishing of a new road in place thereof. A commissioner was appointed. Section

1488 of the Code requires him to make re-

4. HIGHWAYS: refused vacation followed by subsequent petition.

port, and he reported against the expediency of the proposal. We agree with appellees that this put an end to the proceedings initiated by this petition, and that, upon the coming in of such adverse report, the application in question could no longer be considered as pending. See *Cook v. Trigg,* 52 Iowa 709; *Morgan v. Miller,* 59 Iowa 481; *DeVoe v. Smeltzer,* 86 Iowa 385. But that is the only effect; and from such adverse report, discontinuance and nothing more results.

We held, in *Lawrence v. Williams,* 146 Iowa 671, that, if it be conceded the board is without jurisdiction to proceed after an adverse report by the commissioner, nevertheless it will not be without jurisdiction to entertain an entirely new proceeding, by the filing of a new petition on the same line or route contemplated by the first petition. The board of supervisors is given express and exclusive jurisdiction to vacate highways. We should not by construction strain to oust it of that jurisdiction. As seen, the adverse report of the commissioner on the first petition did not affect the jurisdiction to act upon the second; and, while it is settled that any proceeding wherein the commissioner does make an adverse report is abated and discontinued, it does not follow that the jurisdiction to entertain a new petition is terminated though no adverse report be filed, and merely because of failure to appoint a commissioner at all, thus making it impossible to have an adverse report. No-

5. HIGHWAYS: non-jurisdictional matters.

where does the statute prescribe in terms that jurisdiction ceases because no report of commissioner is filed. Nowhere is the jurisdiction in terms made to depend upon the appointment of a commissioner. That the action must stop when an authorized investigation finds that the proposal is inexpedient is one thing; that the

action of the board of supervisors is void because the audi-
tor appoints no commissioner, and the board uses its own
judgment as to expediency, is quite a different thing. We
are of opinion that the appointment of the commissioner
is largely for the purpose of determining whether what is
proposed is justified, in view of the expense that must be
incurred. As will appear later, both the vacated highway
and its substitute were wholly on the land of the appellants,
and that they relinquished all claims for damages. From
this it results that there was little real need of appointing
a commissioner, and thus it is to quite an extent explained
why none was appointed. We think that *Sullivan v. Rob-
bins,* 109 Iowa 235, in principle settles that failure to ap-
point the commissioner in the matter at bar does not inval-
idate the proceedings, for it is therein held to be immaterial
that no commissioner was appointed to pass upon the ex-
pediency of the proposed vacation, because the plaintiff and
all parties in interest signed the petition, and were, there-
fore, in no position to complain of the vacation. And it
bears on the effect of failure to appoint a commissioner
where nothing can be accomplished by appointing him, that
we held in *McKinney v. Baker,* 100 Iowa 362, that it was
immaterial that appraisers were not appointed at the time
required by statute, because no damages are allowable for
vacating a highway. We hold now that, whatever may be
the effect of an adverse report, the proceedings are not void
because, through failure to appoint the commissioner, there
was no report, either favorable or adverse.

In *Home T. & T. Co. v. City of Los Angeles,* 211 U. S.
265, at 273, the Supreme Court of the United States de-
clares it to be thoroughly settled law that, whenever it is
claimed that something done or omitted has the effect of
extinguishing *pro tanto* an undoubted power of government,
every doubt will be resolved in favor of continuance of the
power, and the legislative intent to have the doing or omit-

ting some particular thing suspend the power expressly conferred, must clearly and unmistakably appear. The strain will be to hold the power has not been lost, not to reach a decision that clearly delegated power has been suspended or lost.

III. Section 1495 of the Code requires that, as to some persons named, a prescribed notice shall be served as original notices are, and that in all cases there shall be a prescribed notice by publication. Neither notice was given. Upon the whole record, as dealt with in the written opinion by the trial judge, it seems clear the decision below turned on the conclusion of the judge that, without these notices, plaintiffs have not more than a consent vacation; that there cannot be such vacation; and that, therefore, the board of supervisors have no jurisdiction to act unless such notices are first given. In support of this holding, appellees rely upon cases of which *Chicago, R. I. & P. R. Co. v. Ellithorpe,* 78 Iowa 415, and *Moffitt v. Brainard,* 92 Iowa 122, are types. In *Ross v. Board of Supervisors,* 128 Iowa 427, 434, cases of this class are held to do no more than apply the fundamental rule that the property of no one may be taken from him by any tribunal "without notice and an opportunity to be heard." Of course, that is so. But does it rule this case? The notice which is to be personally served is to be served on no one except owners of land who reside in the county, and own land "lying in the proposed road or abutting thereon, as shown by the transfer books in the auditor's office." The appellants are the only owners within this statute requirement. Now, as they instituted the vacation proceedings, and appeared in them, and relinquished all claims for damages, if any they had, it is manifest that the notice to be personally served was, in this case, utterly unnecessary. No matter how mandatorily a notice may, in terms, be required, the serving such notice is not more vital than it was in any

6. HIGHWAYS: omission of all notice.

of the cases wherein it was held that, without the service of notice, there was no jurisdiction. At the foundation of all jurisprudence lies that all proceedings are void as to any who have no notice and are not heard. There are some statute provisions that notice shall not be required if appearance be made; but without the aid of such statutes, we think it must be held that, no matter how necessary notice may be to jurisdiction, jurisdiction is always obtained where, by appearance, the party to be served effects all that giving the required notice could do; and we see no reason why this should not be so in the matter at bar. It seems to us it may not in reason be claimed that this vacation of a highway should be held to be a nullity because parties who moved for the vacation, appeared to promote it, and relinquished all claims for damages, were not served with a notice advising them that the vacation was under consideration, and that the road would be vacated unless objections were filed by a stated time, and claim for damages made within such time. That, in such circumstances, the notice was needless is, in principle, fully sustained by *Ross v. Board of Supervisors,* 128 Iowa 427, at 435; *Chrisman v. Brandes,* 137 Iowa 433; *Howard v. Emmet County,* 140 Iowa 527, at 533; and *Goeppinger v. Board of Supervisors,* 172 Iowa 30, at 42, 43. If the landowners upon whom the notice is to be served were not entitled to notice, or may not complain that none was given, others may not urge that the proceedings were invalid for lack of this notice. See *Lightner v. Greene County,* 145 Iowa 95, at 105, and the *Chrisman* and *Ross* cases, supra. It is a fair paraphrasing to say that, when the only person entitled to the notice has waived it, no one is in position to assail the validity of the proceedings for want of notice. The cases cited by appellee at this point hold nothing to the contrary. All that *State v. Weimer,* 64 Iowa 243, holds, is that, where one is indicted for obstructing an alleged highway over his own land,

and the record fails to show that any notice was served upon him of the proceedings for the establishment, *or that he had in any way waived such notice,* the proceedings were without jurisdiction, and defendant could not be convicted. To the same effect is *State v. Anderson,* 39 Iowa 274, and the cases that it follows and the cases that follow it. And all we can find in *McCarl v. Clarke County,* 167 Iowa 14, is that a vacation cannot be had merely at the pleasure of the officers who may discontinue a highway, but that there is no jurisdiction to act until a petition for vacation has been filed.

### 3-a

If, then, the decree below can be sustained, it must be because of disregard of that provision of the statute which requires that, in any case, a notice by publication shall be given. Under that statute, this notice may be in the following form:

"To. all whom it may concern: The commissioner appointed to vacate the road [describing it, and giving the names of owners of the land through which the proposed road passes, as they appear upon the transfer books of the auditor's office] has reported in favor of the vacation, and all objections thereto or claim for damages must. be filed in the auditor's office by a time stated in the notice, or such road will be vacated without reference thereto."

So far as a claim for damages is concerned, that is not a factor in the vacation of a highway. For such vacation affords no basis for a claim of damages; and, if it does, notice is still needless as to any who have waived damages. *Grove v. Allen,* 92 Iowa 519; *McKinney v. Baker,* 100 Iowa 362; *Sullivan v. Robbins,* 109 Iowa 235; *Ross v. Board of Supervisors,* 128 Iowa 427, at 435; *McCarl v. Clarke County,* 167 Iowa 14. Clearly, then, the failure to give a notice by publication in order to enable claims for damages to be filed cannot be fatal, because, if such notice were given, it could

not produce a valid claim for damages. So far, then, as this case is concerned, the only purpose that giving said notice by publication could serve would be to give opportunity for filing objections to the vacation of the road. It is true that, though the statute provides personal service for certain land-owners only, there might be those who, though not such own-ers, still had the right to object to the vacation. The trouble is that neither in plea nor proof does it appear that any such persons exist. In *Sullivan v. Robbins,* 109 Iowa 235, it is de-cided that a road supervisor may not be compelled by man-damus to remove obstructions from an alleged highway and to open the same to its full width. One ground for ask-ing such relief was the claim that the alleged vacation of the road was void, because "no notice of the hearing was given to any person whatever." While, as said, the ultimate decision is that mandamus will not lie, it was legitimately within the scope of that decision to say, as it was said, that no relief could be had, because "there is no such show-ing in the petition [as to which a demurrer was sustained] as would require the giving of notice." For this pronounce-ment, the case cites *McKinney v. Baker,* 100 Iowa 362. This last case construes this very statute, and as to both forms of notice. It finds that the published notice was in proper form, except it did not contain the names of the owners of the land, and rules that, since it was not pleaded "that any of the names of such landowners appeared in the trans-fer books, it cannot be said that the notice was defective." The least that may fairly be claimed for these decisions is that failure to serve with notice is not material, unless it appears that someone was entitled to such notice as was not given. Whatever the form of the action, and whether the point be raised by the petition or answer, the order to vacate a highway is presumed to be valid, and whosoever asserts it to be invalid has the burden of proving that charge. So, if the failure to give notice be relied on as constituting

the invalidity asserted, he who asserts it must show conditions that made it necessary to give the notice by publication that was not given. As before said, it is nowhere made to appear in this record that anyone other than the landowners' who initiated the vacation proceedings had any interest in whether the road should or should not be vacated. This puts the appellees in the position of claiming that the vacation is a nullity, though the only persons appearing to have any interest had made all notice needless, without a showing that a notice was due to anyone who had not waived it, or made it needless.

We conclude it was error to dismiss the petition because of the failure to give notice.

IV. It is said that, in the two petitions filed by them, appellants admit that the road in question was a public highway prior to the time at which the order attempting the vacation was made; that, in the past, they have claimed an exemption from taxation of the land occupied by said road; and thereupon, it is urged that these things estop

7. HIGHWAYS: prescription: when immaterial.

and bar the plaintiffs from denying that said road was a public highway. We have, in effect, already disposed of this contention, by holding that, if the vacation was valid, it cannot matter that, prior to such vacation, the road was a public highway. The case of *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525, at 529, and that of *Miller v. Schenck,* 78 Iowa 372, are types of holdings that a landowner may estop himself to question whether a highway was duly established, or a finding that there was a waiver of a notice. We cannot see what relevancy these have. Certainly, these appellants might estop themselves to deny that the highway sought to be vacated had been established as, or was, in fact, a public highway. It may be assumed, for the sake of argument, that they have so estopped themselves. But the most binding acknowledgment that a public highway

existed at one time is not a bar to an application to have the same vacated, nor a bar to having such petition granted.

It follows from what we have said that the decree and order appealed from must be—*Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.

SUPPLEMENTAL OPINION ON REHEARING.

PER CURIAM.—The opinion has the statement following:

"So far as a claim for damages is concerned, that is not a factor in the vacation of a highway. For such vacation affords no basis for a claimed damage. Clearly, then, the failure to give a notice by publication in order to enable claims for damages to be filed cannot be fatal, because, if such notice were given, it could not produce a valid claim for damages. The only purpose that giving said notice by publication could serve in this case would be to give opportunity for filing objections to the vacation of the road."

In this connection, several decisions in this court are cited. It is now urged that these cases have been overruled by *McCann v. Clarke County,* 149 Iowa 13. On examination of the *McCann* case, it is apparent that, in

8. HIGHWAYS: vacation: damages: access to land: intermeddler.

strictness, it does not overrule the cases in question, but modifies their effect in this respect: Under the cases cited in the opinion, no one could claim damages because of the vacation of a road. The underlying thought was that no one suffers from a vacation, as distinct from the general public. Under the *McCann* case, there may be a claim for damages on account of the vacation of a highway, if that highway be adjacent to a tract of land to which the owner has no other convenient means of access; because, in such case, the owner of the land suffers a special damage, separate and distinct from that suffered by the general public. The utmost the *McCann* case does for appellees is to hold that notice by publication must be given if there be some person to whom the vacation causes a direct damage, personal to himself. That

does not touch the cases which hold that the absence of such a notice may not be urged where it is not made to appear that any person exists who may so be injured. We have not held that notice by publication need not be given. What is ruled is that where, for all that appears, the complainant is a mere intermeddler, without interest, he may not litigate the validity of the vacation, and hence may not urge, in support of contending for invalidity, that the notice prescribed by statute was not given. This rule has been applied time and again against attempts to assert the unconstitutionality of a legislative enactment. In the last analysis, we have but held that no other than the real party in interest may maintain a suit. So far as appears, the appellants are the only persons whose interest could be affected by the vacation of this particular highway. For all that appears, no one but themselves has the slightest concern in the fact that an angling road running through the land of appellants was closed, and a straight road running through the same land substituted therefor.

We do not intend to hold that, if the landowners through whose lands the vacated highway runs are not entitled to notice, no others may urge that the proceedings were invalid for lack of this notice. What we do decide is that while, on the authority of the *McCann* case, others may urge that lack of notice, they must make it appear that they are concerned in the matter. The *McCann* case gives no rights to mere intermeddlers, nor does it create a presumption that whosoever makes an attack upon a vacation of a highway will suffer special damage from the vacation, nor a presumption that someone not in court has an interest which entitled him to notice. As well say that parties before the court may deny jurisdiction on the ground that, by possibility, someone in the world might complain later that he, too, should have been notified.

This does not violate the numerous decisions which declare that the board of supervisors and like bodies are tribunals possessing but limited and special jurisdiction, and that, ordinarily, no presumption will be indulged that the acts of that tribunal were done upon observance of jurisdictional essentials. But even as courts of general jurisdiction may, as to some functions, be a special tribunal, with limited and special jurisdiction, so may the legislature give to tribunals that do not possess the standing of courts of general jurisdiction, general powers over a certain subject-matter. We think that vacating highways is an illustration of this. This is strongly indicated by *McLachlan v. Incorporated Town of Gray,* 105 Iowa 259.

In our opinion, no other points made by the petition for rehearing require any additions to what has been said in the opinion. We adhere to the opinion, as herein explained.

Petition overruled.

LADD, C. J., EVANS and PRESTON, JJ., concur.